Jerome Fredrick LEWIS,
Appellant (Defendant),

v.

Rosemary LEWIS, Appellee (Plaintiff).

No. 85–60.

Supreme Court of Wyoming.

March 24, 1986.*

Richard H. Honaker, Rock Springs, for appellant (defendant).

Leonard A. Kaumo, Rock Springs, for appellee (plaintiff).

* Case reassigned to Cardine, J., December 23, 1985.

Before THOMAS, C.J., and ROSE,** ROONEY,*** BROWN and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from an order modifying a divorce decree. Appellant, Jerome Lewis, contends that his ex-wife's petition for modification should have been dismissed because it did not allege a substantial change of circumstances. In addition, he argues that his ex-wife failed to prove a change in circumstances that justified the modification of the child support provisions of the decree. We affirm.

### FACTS

On September 21, 1983, appellee Rosemary Lewis filed a complaint for divorce against her husband, Jerome Lewis. She sought custody of their three children, reasonable child support, and an equitable distribution of property. The case never went to trial, however, because on October 12, 1984 the parties reached a settlement agreement. District Judge Kenneth Hamm entered a decree of divorce which incorporated the child custody and support aspects of the agreement.

Mrs. Lewis received custody of the children during the nine-month school year while Mr. Lewis took custody during the summer months. In addition, the parties granted each other detailed visitation rights for the noncustodial periods. Mr. Lewis agreed to pay child support of $300 per month but was permitted under the agreement to deduct

> "payments he personally makes for medical, dental and optometric expenses, for educationally related expenses including school lunches, for babysitting expenses, clothing, and all other items relating to the children except for food consumed by the children while they are with [him]."

Eleven days after the divorce decree was entered, Judge Hamm entered an order transferring all further proceedings in the matter to District Judge Robert Hill. The record does not indicate who requested the change of judge, but it may have related to Mrs. Lewis' decision to immediately petition for a modification of the divorce decree. On October 26, 1984, two weeks after the settlement agreement and decree, Mrs. Lewis filed a petition for modification. Although the petition's title included the word "Modification," the petition did not allege a change of circumstances. Instead, it stated that the original decree "does not adequately resolve the issue of child custody and child support with reference to the parties' three minor children." Mrs. Lewis requested that the court increase her ex-husband's child support obligation for their three children from $300 to $450 per month, eliminate the deduction provision, and give her custody during the entire year. Mr. Lewis opposed the petition; and the matter was set for hearing on December 18, 1984, a little more than two months after entry of the original decree.

At the start of the hearing, Mr. Lewis moved for dismissal on grounds that the petition for modification did not allege a change of circumstances. The district court declined to rule on the motion until evidence had been taken and hinted that Mrs. Lewis might be allowed to amend her petition at the close of the evidence. Mr. Lewis renewed his motion to dismiss during closing argument contending that the vagueness of the petition had prevented him from preparing properly for trial. The court denied the motion, however, and permitted Mrs. Lewis to amend the petition. The court then addressed the change-of-circumstance issue as if it had been raised in the petition.

Mr. and Mrs. Lewis were the only witnesses to testify at the hearing. Mrs. Lewis stated that her income had decreased in the two months since the divorce because the hospital where she worked as a nurse had reduced her hours. She was taking home about $1050 per month, but it cost her about $1165 per month to support herself and her children. Her yearly income

** Retired November 1, 1985.

*** Retired November 30, 1985.

prior to the divorce was $15,000, or about $1200 per month.

Neither party testified that there had been a change in the children's needs between October 12th, the date of the original decree, and December 18th, the hearing date. There was a dispute, however, as to whether Mr. Lewis' income had increased during that period. Mr. Lewis testified that his employer raised his annual salary—from $36,000 to $38,500—prior to the October 12th decree. Mrs. Lewis, on the other hand, stated that her ex-husband usually received a raise on October 20th each year although she admitted that she had no way of knowing when he received a raise for the year involved. No evidence was presented which showed that Mr. Lewis misrepresented or concealed his true income during settlement negotiations but it is clear from the modification petition that Mrs. Lewis and her attorney thought he was making $36,000 until he discussed his raise at the modification hearing.

The rest of the testimony involved Mrs. Lewis' reasons for entering into the original settlement. She stated that she signed the agreement because she was afraid her husband might refuse to pay anything if she won a substantial judgment in court. But she later admitted that the agreement was reached after extensive negotiations during which she received the advice of a lawyer of her choice.

After brief closing arguments, the district court reached its decision. The court observed first that there was no evidence that Mr. Lewis had taken advantage of his ex-wife during the settlement negotiations. If she entered the agreement out of fear, then her lawyer was at fault, not her ex-husband. Therefore, the parties had reached the original agreement at arm's length, and it could not be modified on grounds of duress or fraud.

Next, the court refused Mrs. Lewis' request to modify the original nine-month/three-month custody arrangement. According to the court, no evidence had been presented supporting a change. If

anything, the evidence showed that the present arrangement worked very well.

Finally, the court found that there had been a change of circumstances as a result of the decrease in Mrs. Lewis' income since the date of the original decree. In addition, Mr. Lewis' income was more than it had appeared to the parties during bargaining, although it may not have actually increased after October 12th. The court increased Mr. Lewis' child support obligation from $300 per month to $450 per month, decreed that it be paid to the clerk of court rather than Mrs. Lewis, and eliminated the provision which allowed Mr. Lewis to deduct his direct child-related expenditures. The increase in child support was $50 per month per child or a total of $150 per month. This amount about equalled Mrs. Lewis' decrease in income.

Mr. Lewis appealed the district court's modification order, but Mrs. Lewis did not cross-appeal on her unsuccessful custody claim. Therefore, our review is limited to Mr. Lewis' issue. *Broyles v. Broyles*, Wyo., 711 P.2d 1119 (1985).

## AMENDMENT OF PLEADINGS TO CONFORM TO EVIDENCE

■ Mr. Lewis contends that his ex-wife's petition should have been dismissed because it failed to state a claim upon which relief could be granted. He points out that the petition contained no allegation of change in circumstances as required by § 20-2-113(a), W.S.1977, Cum.Supp.1985., which provides:

"On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires."

In order to obtain a modification under this statute, the petitioner "has the burden of clearly proving there has been substantial change in the circumstances of the party or parties to such decree making such modification just and equitable." *Heyl v. Heyl*, Wyo., 518 P.2d 28, 29 (1974).

While we agree that the original petition was technically deficient because it failed to allege any facts showing a change in circumstances, the defect was corrected when the district court granted leave to amend. Rule 15(b), W.R.C.P. states in part:

> "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

Mr. Lewis has not pointed to any evidence showing that his defense was prejudiced when the court granted leave to amend. Without such a showing the court properly permitted amendment of the pleadings as encouraged by Rule 15(b).

> "The application of Rule 15(b) has become established in our judicial processes to the extent that we would be reluctant to ignore it—especially in a case where the inherent equitable powers of the court are present to the extent they are in matters affecting the welfare of children." *Strahan v. Strahan*, Wyo., 400 P.2d 542, 544 (1965).

Mrs. Lewis' failure to formally file an amended pleading is not a problem either.

> "Rule 15(b) does not require that a conforming amendment be made and there is no penalty for failing to do so. The rule clearly states that the absence of a formal amendment or a request for leave to amend 'does not affect the result of the trial' of those issues actually litigated." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1493, at 460–461 (1971) (discussing identical federal Rule 15(b)).

The district court properly denied Mr. Lewis' motion to dismiss the modification petition.

## MODIFICATION PRINCIPLES

Many modification cases have reached this court, and a solid body of decisional law has developed which outlines the competing policies that must be considered. The need for finality is first considered when modification of a divorce decree is requested. "As a general rule, a divorce decree is res judicata on all issues decided." *Manners v. Manners*, Wyo., 706 P.2d 671, 674 (1985). Without finality, modification petitions would flood the district courts and make their dockets unmanageable. *Id.* As we observed in *Harrington v. Harrington*, Wyo., 660 P.2d 356, 361 (1983),

> "[f]inality is an especially important concept in divorce proceedings where the emotional involvement of the parties tends to, in their eyes, magnify out of proportion the importance of all matters in connection therewith."

In many cases, finality has a salutary effect on the parties. They put more effort and care into negotiations leading to the initial decree when they know that it will be very difficult to modify.

In cases like this one, where the original divorce decree reflects an agreement of the parties and not just the decision of a judge, finality is linked to the principle of freedom of contract.

> " 'Agreements such as were entered into by defendant and plaintiff are favored by the courts. * * * Hence it would seem that if the agreement were entered into voluntarily and by competent persons and if the contract were not against public policy or against the best interest of the children, the only proper course for the court was to enforce it, or, rather, not to interfere with it.' " *Mentock v. Mentock*, Wyo., 638 P.2d 156, 159 (1981) (quoting *Beard v. Beard*, Wyo., 368 P.2d 953, 955 (1962)).

While finality and freedom of contract are important considerations, their strict application to all divorce cases would interfere with other important state policies. "In child custody and support proceedings, the paramount concern of the court is the child's welfare." *Bereman v. Bereman*,

Wyo., 645 P.2d 1155, 1160 (1982). That welfare should be ensured by the parents and not by the taxpayers unless the parental finances are severely limited. *Mentock v. Mentock*, supra. If every divorce decree were carved in stone, the state would often be forced to aid custodial parents who fall on hard times even when the noncustodial parents are perfectly capable of increasing their contributions. The modification statute, § 20–2–113(a), W.S.1977, Cum.Supp. 1985, was passed to prevent such results. It permits a district court to revise a decree "as the circumstances of the parents and the benefit of the children requires."

In determining whether a modification is required by the circumstances, a district court must apply two rules of law which reflect the proper balance between the finality and the modification policies. First, the party seeking a modification must be assigned the burden of proof. And second, that burden is satisfied only if the change in circumstances is material and substantial. *Manners v. Manners*, supra, 706 P.2d at 674–675.

In deciding whether a substantial change in circumstances has been shown, a district court has wide discretion. "[T]he court's determination will not be disturbed except for a grave abuse of that discretion or violation of some legal principle." *Manners v. Manners*, supra at 674.

"'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.'" *Booker v. Booker*, Wyo., 626 P.2d 561, 563 (1981) (quoting *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980)).

## MODIFICATION IN THIS CASE

We would be less than candid if we concluded that the case at bar can be easily resolved on the foregoing principles. It is a very close case that highlights the difficult policy choices facing the district courts in modification cases.

■ The policies of finality and freedom of contract seem to favor reversal of the district court's modification order. Mrs. Lewis' hearing on her petition for modification was held about two months after the original decree was entered. While a change of circumstances can occur in a very short period of time, a period of just two months has to raise doubt about the likelihood that there has been a change sufficient to support modification.

"[A] modification hearing is not a time to reconsider the evidence and premises upon which the original judgment was entered but only to consider whether there has been such change of circumstances as to warrant a different decree." *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244, 1252 (1976).

A modification cannot be granted just because the original decree resulted in what petitioner sees as a bad result.

■ If Mrs. Lewis made an unfavorable agreement, she cannot blame anyone but herself. As the district court stated,

"Mrs. Lewis had the benefit of counsel during [negotiations]. She testifies that she expressed some consternation to her attorney that she was in fear of this Defendant, and it would be incumbent upon him at that point, as her attorney, as her advocate, as her man in the corner, to have immediately set a protest to this, and, I would think, and I would suggest, to set the case down for hearing certainly upon the unresolved issues."

Moreover, if the decree was produced by duress, then Mrs. Lewis' proper remedy was a motion to set it aside under Rule 60, W.R.C.P., not by petition for modification.

■ Mrs. Lewis' failure to learn her husband's true salary during negotiations does not show duress and does not justify modification of the decree. Mr. Lewis testified that he received his $2500 raise prior to the original decree. Mrs. Lewis' statement that the raise came on October 20th was

pure speculation which only showed that she was aware of her husband's annual raises and could have used that knowledge during negotiations. She could have discovered the exact status of the raise by simply taking a deposition or propounding an interrogatory.

■ Even if Mr. Lewis had received his raise after the original decree, it would be hard to classify it as a material change in circumstances. The record indicates that he could have made child support payments in excess of $300 per month even on his $36,000 salary. The addition of $2500 would have had little practical impact on Mr. Lewis' ability to pay. If there were substantial changes of circumstances, they had to involve the children's needs or Mrs. Lewis' financial status. But as we have seen, neither party claimed a change in the children's needs in the two months following the original decree. We can affirm the district court's modification only if the court could have reasonably concluded that Mrs. Lewis' financial reverses constituted a substantial change in circumstances.

Mrs. Lewis' uncontradicted testimony at the modification hearing revealed that she was taking home $1050 per month, about $200 less than she was receiving at the time of the original decree. She normally expended a total of $1165 per month for support of the family on the following items:

Rent $450˙
Car payment $140
Utilities $125
Groceries $200
Miscellaneous for the children $250

■ In many cases, a $200 per month wage reduction would have no impact on a household, but in this case it was enough to create a shortfall of approximately $150 in Mrs. Lewis' monthly budget. Given the lack of fat in Mrs. Lewis' budget, that shortfall promised to create a real impact on the children. The court concluded that was a substantial change in circumstances, and we agree. Mr. Lewis, on the other hand, with his increased salary of $38,500

per year could clearly afford to pay an additional $150 per month and give up the deduction for his child-related expenditures.

The district court's decision was carefully tailored in response to the new circumstances facing the parties at the time of the modification hearing. The court ordered Mr. Lewis to pay an additional $150 per month to cover his ex-wife's budgetary shortfall. In addition, the court eliminated the deduction provision so that Mr. Lewis could not spend the increased funds on luxuries for the children and then offset those expenditures against the payments which his ex-wife needed for necessities. The court dealt here only with support of the children. We have said that:

> "[A child support order] is at all times subject to change upon proper request to the court for modification or clarification contingent upon a change in circumstances of the parties." *Redman v. Redman,* Wyo., 521 P.2d 584, 587 (1974).

The district court's modifications advanced the state's policy of forcing able parents to provide for their children.

These are difficult cases. The questions presented here are not easy to determine. The trial judge having observed and heard the witnesses is in the best position to evaluate their circumstances and needs; and we, therefore, accord considerable deference to his findings. Although we are sensitive to the finality and freedom of contract arguments advanced very ably by Mr. Lewis' attorney, we conclude that the district court did not abuse its discretion, as a matter of law, when it found a substantial change in circumstances justifying a modification of this decree. We emphasize that our decision is based on the exceptional facts of this case. It is not intended to change or alter the long-established law of Wyoming relating to modification of divorce decrees. It is a rare case in which a substantial change of circumstances will be found to have occurred so soon after entry of a divorce decree.

Affirmed.