Faye L. CRAWFORD, Appellant (Plaintiff),

v.

Harry C. CRAWFORD, Appellee (Defendant).

No. 91–183.

Supreme Court of Wyoming.

April 13, 1992.

Richard Wolf of Wolf & Tiedeken, Cheyenne, for appellant.

Bernard E. Cole of Cole & Cole, Cheyenne, for appellee.

Before URBIGKIT, C.J., THOMAS, MACY, and GOLDEN, JJ., and ROONEY, J. (Retired).

ROONEY, Justice (Retired).

Appellant appeals from an order of the district court denying appellant's petition to modify the alimony award contained in the parties' divorce decree.

We affirm.

Appellant words the issues on appeal:

"1. Did the Appellant meet her burden of showing a substantial change of circumstances regarding her ability to work requiring a modification of the divorce decree?

"2. Did the District Court abuse its discretion in disallowing a warranted modification on the basis that Appellant's lack of earning capacity five years after the decree of the divorce could have possibly been anticipated at the time of the 1985 divorce?

"3. Does the fact that the alimony award was based on a negotiated property settlement agreement require a stronger showing of change of circumstances than an alimony award based on a decree not the result of a property settlement agreement?"

Appellee words them:

"Did the District Court gravely and clearly abuse its discretion in denying a modification of temporary alimony?

"Did the appellant meet her burden of proof of showing a substantial change of circumstances which would warrant a modification of alimony?"

At the time of the divorce (August 23, 1985) and prior thereto, appellee, a physician, was employed by the State of Wyoming as the Director of Preventive Medicine and Services, earning approximately $64,000 per year. A wrist injury necessitated termination of that employment. He is now employed as an Army physician at about the same salary. Beginning in 1980, appellant was employed on and off by Memorial Hospital in Cheyenne as a nurse. In 1984, the divorce was pending and she left

the position (where she was earning $10.57 per hour) to move to South Carolina.

The provisions of the divorce decree with reference to the property division and alimony were pursuant to a negotiated property settlement agreement of the parties. Included therein was a provision requiring appellee to pay appellant $2,000 per month alimony for five years.[1] The five years having elapsed, appellant instituted this action to modify the provision of the decree relating to the five-year limitation on alimony payments, alleging a change in circumstances consisting of a change in her health which prevents her from continuing employment as a nurse. At the time of the trial, she was making and selling T-shirts for a hospital.

## CHANGE IN CIRCUMSTANCES

The district court received evidence concerning the existence or non-existence of a material change in appellant's health since the divorce in 1985. It found as a matter of fact that the health problems alleged by appellant to now exist and alleged to constitute a change of circumstances "were extant and known at the time of the divorce agreement and resultant order," and that there has not been a unexpected or material change in them since the divorce. There was evidence to support that finding.

In a claim made by appellant for social security disability payments,[2] she stated that her health problems first started in 1971; that she was treated and hospitalized in Cheyenne for some of the problems in 1984 and 1985; and that she was born with one of the problems, i.e., partial paralysis of her left arm. She stated that:

"I resigned nursing in 1984 due to health (foot & back etc) also, I couldn't cary [sic] my own weight (turnig [sic], liftg [sic] patients) some employees I worked with complaing [sic]. Nursing was from 1981–1984. I should have never gone back into nursing—even tried to. There was a period of time I had too many 'sick days.' Had too many back, foot, ear, left arm problems. Couldn't handle the work."

Testimony of physicians with reference to the claim of a change in health reflected that the Erb's Palsy in her left arm and hand, which existed from the time of birth, has not changed since the time of the divorce, and that the pain in her lower back caused by spurs and arthritis was diagnosed in 1970, with the degenerative disc disease having started in 1960. Her foot problem also existed at the time of the divorce. Thus, there was evidence to support the district court's factual finding that there was not a sufficient change in the circumstances to warrant a modification of the divorce decree.

The oft-repeated rule by which we test the sufficiency of evidence on appeal is that we assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence in conflict therewith, and giving to the evidence of the successful party every favorable inference that can be reasonably and fairly drawn from it. The findings of fact made by the trial court are presumed to be correct, and we will not disturb such findings unless they are inconsistent with the evidence, clearly erroneous or contrary to the great weight of the evidence. *In the Matter of Abas,* 701 P.2d 1153, 1156 (Wyo. 1985), and the cases cited therein. The finding here that there was not a substantial change in circumstances is not inconsistent with the evidence, clearly erroneous nor contrary to the great weight of the evidence.

## ABUSE OF DISCRETION

Appellant argues that the district court abused its discretion (1) by applying a higher standard for modification of a divorce decree in cases in which the decree

---

1. In addition to the alimony, appellant received a substantial amount of property pursuant to the agreement. For example, she received the Cheyenne residence of the parties, the sale of which netted her about $126,000, which she was able to invest in bonds inasmuch as she also received an inheritance amounting to several hundred thousand dollars.

2. The claim was denied.

was based on a negotiated property settlement agreement than in cases in which there was no such agreement, (2) by noting that alimony is not favored, and (3) by noting that appellant has not shown a need for continued alimony.

The district court did note that the original order granting the divorce, which also established the alimony, was a result of a negotiated agreement between the parties and that property settlement awards are favored in lieu of alimony—referring to *Broadhead v. Broadhead*, 737 P.2d 731 (Wyo.1987) and *Young v. Young*, 472 P.2d 784 (Wyo.1970). This case was heard by the district court commissioner and the district court adopted the recommended findings and conclusions of the commissioner. Included therein is the statement: "Even if there had been a change of circumstances, the Plaintiff has not shown a need for a continuance of alimony."

However, the district court was explicit in indicating that the denial of appellant's request for modification was based on the failure to show a material change of circumstances. Such was stated in the second and third paragraphs of the three paragraph decision letter. The Order Denying Petition for Modification of Decree concluded, "and the Court being fully advised in the premises and presenting its letter opinion on file herein stating that there was no change of material circumstance to make such a modification, therefore, IT IS HEREBY ORDERED that the Petition for Modification of Decree is hereby denied."

We have already noted the existence of evidence reflecting a lack of material change of circumstances and the standard by which we test the sufficiency of evidence on appeal. As recited by appellee in his brief (quoting *Smith v. Smith*, 704 P.2d 1319, 1321 (Wyo.1985)):

"In *Grosskopf v. Grosskopf*, Wyo., 677 P.2d 814, 823 (1984), we said:

" 'The trial court exercises a broad discretion in adjusting the rights and obligations of parties upon the dissolution of their marriage. We will not disturb the decision of the lower court unless we can say that the discretion was abused, that the result was clearly unjust and inequitable.'

"In *Bacon v. Carey Company*, Wyo., 669 P.2d 533, 534 (1983), this court said:

" ' 'At trial, those matters that are left to the sound discretion of the trial court will not be upset on appeal absent a demonstrated abuse of discretion. The standard for determining whether the trial judge has abused his discretion is set out in *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980):

" ' ' 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Eager v. Derowitsch*, 68 Wyo. 251, 232 P.2d 713 (1951); *Anderson v. Englehart*, 18 Wyo. 409, 108 P. 977 (1910).' ' "

In this case, the district court did not act in a manner which exceeded the bounds of reason under the circumstances, and it could reasonably conclude as it did.

## NEGOTIATED PROPERTY SETTLEMENT

 In the third issue listed by appellant on appeal, she argues that the fact that the divorce decree was founded on a negotiated property settlement agreement resulted in the district court imposing a higher standard of proof for the existence of a change in circumstances. Such was noted by the district court, among other factors; but, as stated *supra*, the refusal to modify the decree was based on appellant's failure to establish a substantial change in the circumstances of her health. Such failure was evident from that presented to the district court in this case, regardless of any standard of proof.

Affirmed.