Michael David JONES, Appellant
(Plaintiff),

v.

Barbara Stills JONES, Appellee
(Defendant).

No. 92–261.

Supreme Court of Wyoming.

Aug. 9, 1993.

Juline Christofferson, Jackson, for appellant.

James K. Lubing, Jackson, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

The question presented in this case is whether the trial court abused its discretion in refusing to terminate a contractual obligation to pay alimony incorporated into a Florida divorce decree. The trial court ruled there was no change in circumstances since the entry of the divorce decree justifying an adjustment in the alimony. There is no dispute between the parties that the husband's earnings are so low he cannot make the alimony payments and exist on his present income. The position of the wife, however, is that he must rely on other resources she believes are available to satisfy the alimony provision in the divorce decree. We hold the trial court did commit an abuse of discretion in ruling the evidence failed to show a material change in circumstances, which would justify a termination or reduction of the alimony payments. The case is reversed and remanded for a determination by the trial court of an appropriate reduction in alimony payments if the court does not decide termination is justified under the circumstances.

Michael Jones, the appellant (husband), sets forth the following issue in his brief:

I. Whether the trial court erred in refusing to grant appellant's petition for termination of alimony payments, effective upon the date of appellant's petition, where (a) appellant provided unrefuted evidence of material and substantially changed circumstances rendering him incapable of continuing to make alimony payments; and (b) appellee has demonstrated that she can provide for herself, earns more than appellant, and has greater assets than appellant.

Barbara Jones (wife), frames the issues in this way in her Brief of Appellee:

I. Has appellant made the necessary showing of a material change in circumstances sufficient for this court to disregard the res judicata nature of the divorce decree?

II. Absent a showing of changed circumstances, is the issue of the wife's need properly before this court?

The parties were married on September 7, 1957; they separated in 1983; and they were divorced in Florida on April 19, 1984. During the marriage, the husband made his living as a farmer and, at the time of the separation of the parties, the husband had an income of approximately $50,000 to $60,000 per year; $38,000 was derived from the farming enterprise, and the balance was attributable to an inheritance from his father's estate.

Some five months prior to the entry of the divorce decree, the husband hurt his back while moving some oxygen tanks. He believed his back injury was a minor injury, which would not interfere with his future employment, and he agreed to make monthly alimony payments to the wife in the amount of $1,250. In addition, the wife received the family home and car, insurance policies, and all other marital assets except for a few miscellaneous personal items, a gun collection, and some furniture.

In accordance with his plan, the husband moved to Wyoming following the entry of the Florida divorce decree. That decree was filed as a foreign judgment in Teton County in 1989 and, on February 26, 1992, the husband filed a petition to terminate the alimony payments, claiming a substantial change in circumstances. In his petition, the husband alleged his back injury prevented him from returning to the kind of employment which would enable him to afford the alimony payments, and he contended he had exhausted all other sources of income and was not able to borrow any additional money.

A hearing was held with respect to the husband's petition on July 31, 1992. In comments at the close of the evidence, the trial judge summarized his ruling in this way:

Now, this Court finds that at the time the separation agreement was executed

in early April of 1984 Mr. Jones had already hurt his back, he was not working, he wasn't farming any more and he was contemplating moving to Wyoming.

This Court finds that today Mr. Jones' back is hurt, he's not farming, he moved to Wyoming, and that there has been no substantial change in circumstances which would warrant this Court to modify the Florida divorce decree let alone terminate the alimony payments.

The trial judge also found occasion to comment upon the judge's personal family experience leading to a divorce between his parents.

In the order denying the motion, the court found there had been no substantial change in circumstances entitling the husband to a modification of the decree or the separation agreement incorporated in the decree. The husband appeals this ruling by the trial court asserting there was an abuse of the trial court's discretion in reaching the decision.

Neither of the parties relies upon the full faith and credit clause of the Constitution of the United States [1] as justification for the decision of the trial court not to modify the decree of divorce. Apparently, that suggestion was not made to the trial court, and properly so. In *Salmeri v. Salmeri*, 554 P.2d 1244 (Wyo.1976), this court held that a judgment *nisi* entered by a New Jersey court dissolving the marriage of the parties, which then was filed as a foreign judgment in Laramie County, could be modified by a Wyoming court in accordance with Wyoming law. This court relied upon the same authority cited by the trial court in the case before us and affirmed a modification of the provisions of that decree based upon a finding by the trial court that the financial condition of the defendant had materially and substantially changed, rendering him unable to pay alimony in the sum of $1,000 per month.

This court has recognized that, in appropriate circumstances, modification of divorce decrees may not only be justified, but necessary. The party seeking modification must establish there has been a material and substantial change in circumstances which outweighs the interest of society in applying the doctrine of *res judicata. Pauling v. Pauling*, 837 P.2d 1073 (Wyo.1992); *Crawford v. Crawford*, 828 P.2d 1192 (Wyo.1992); *Dorr v. Newman*, 785 P.2d 1172 (Wyo.1990); *Mentock v. Mentock*, 638 P.2d 156 (Wyo.1981). The trial court is vested with discretion to modify the provisions of the divorce decree and, absent a grave abuse of that discretion, we will not disturb its decision. *Parry v. Parry*, 766 P.2d 1168 (Wyo.1989); *Manners v. Manners*, 706 P.2d 671 (1985). The standard we apply in review of cases asserting abuse of discretion as an issue is whether the trial court reasonably could have concluded as it did. *Rude v. State*, 851 P.2d 20 (Wyo.1993), and *Parry* (both citing *Martinez v. State*, 611 P.2d 831 (Wyo.1980)).

The husband argues the finding by the trial court that there had been no substantial change of circumstances is not supported by the evidence, and this constitutes an abuse of discretion. When an appeal presents the sufficiency of the evidence to support the judgment as an issue, the evidence must be considered in the light most favorable to the prevailing party, and all conflicts in the testimony and the exhibits must be resolved in favor of that party. *Broyles v. Broyles*, 711 P.2d 1119 (Wyo.1985). We do not set aside findings of fact by a trial court unless they are clearly erroneous. The corollary of that proposition, however, is that findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence, cannot be sustained. *Broyles*. After careful consideration of the record in this case, including the evidence presented to the trial court, we conclude the determination by the trial

---

1. U.S. Const. art. 4 § 1 provides:
Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the

Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

court that there had been no material change in circumstances is contrary to the evidence. We, therefore, hold the trial court did commit an abuse of its discretion in denying the request by the husband to modify the divorce decree.

The record in this case demonstrates that, at the time of his petition, the husband was employed as an attendant at a gas service station and earned approximately $800 per month. His estimated expenses, including the alimony payment to the wife, exceeded $2,100 per month. The husband testified he had only one year of college education and no vocational training. He also explained his back injury prevented his return to work involving heavy physical labor, such as farming, which might have permitted him to earn a larger income.

The wife presented no evidence disputing the husband's financial difficulties. Instead, she contented herself with arguing the husband stands to inherit his mother's estate valued at more than one million dollars, and the husband's current circumstances are no different than those present when the divorce decree was entered. The district court agreed with this latter contention of the wife, and essentially relied upon that argument as justification for its decision.

The rationale presented by the trial court ignores the expectation by the appellant, probably shared by the appellee and the Florida court, where the divorce decree was entered, that the back injury would heal successfully, and he then would return to work, which would produce an income sufficient to permit him to make the monthly alimony payment of $1,250. In *Muller v. Muller*, 838 P.2d 198, 199 (Wyo.1992) (citing *Young v. Young*, 472 P.2d 784, 786 (Wyo.1970)), we aptly observed that "[c]ertainties attend few human accomplishments and the trial court, in divorce decisions, is entitled to recognize reasonable possibilities for decisional purposes." In *Muller*, we noted that a trial court, in decreeing or approving provisions for support, is not confined to considering only the supporting spouse's current or future un-

employment, but that it is appropriate to consider the employment expectancy reasonably justified by the supporting spouse's experience. It must be presumed the support obligation fixed in the decree in the first instance was premised upon a full disclosure of the conditions as they existed at that time, and the court fixed the amount in consideration of what those conditions fairly required. *Lonabaugh v. Lonabaugh*, 46 Wyo. 23, 22 P.2d 199 (1933).

In entering the divorce decree, which adopted the settlement agreement and ordered the husband to make monthly alimony payments of $1,250, the Florida court must have assumed the husband would resume work which would permit him to make payments at that level. This case, therefore, presents a change in circumstances. The husband's expectation of resuming employment, which would enable him to make the alimony payments ordered, has not been realized.

■ This failure to achieve the same earning level does constitute a change in financial condition, and we have held previously that, when the supporting spouse's financial condition has become so impaired he is unable to meet the obligation imposed by the original decree, it is incumbent upon the court to modify that support provision. *Lonabaugh*. In this case, the husband's financial condition has become impaired. His income has decreased from a $50,000 to $60,000 per-year level to a $20,000 to $25,000 per-year level. This figure is based upon his income tax returns and is not attributable solely to his job earnings. There is present a substantial change of circumstances justifying the modification of the alimony provisions of the divorce decree.

■ The wife's circumstances also have changed. Since the entry of the divorce decree in Florida, she has started working full time and has established a small amount of savings. Because we rule the husband fulfilled his burden of demonstrating the substantial change in his circumstances, the district court may, on remand, properly consider changes in the wife's cir-

cumstances in determining how the husband's alimony obligation should be modified or whether it should be terminated. See *Heyl v. Heyl*, 518 P.2d 28 (Wyo.1974) (holding that the need of the dependent spouse does not become material and is not to be considered unless and until a sufficient factual showing of a material change of circumstances on the part of the supporting spouse has been made to justify modification of the decree).

Compared to the circumstances of this case, our decision in *Crawford*, 828 P.2d 1192, is distinguishable. In *Crawford*, the district court's denial of the wife's petition to modify alimony was affirmed. The wife sought continuation of the alimony payments beyond the date specified by the divorce decree claiming a substantial change in her circumstances due to her ill health that prevented her from continuing her employment as a nurse. We rejected the wife's claim because the evidence presented to the district court demonstrated she had suffered from her illness since birth, and her condition had not deteriorated, but had remained constant since the divorce. *Crawford.* The facts before us in this case are quite different. The husband sustained his injury only five months before the entry of the divorce decree. He apparently expected to recover and return to employment in which he could earn a comparable income. In *Crawford*, the wife did not make the agreement with the husband under the same expectation that she would recover from illness.

■ We also reject the wife's contention that it is appropriate to consider, as a resource available to the husband, his potential inheritance from his mother. *Lonabaugh* does not stand for the proposition that a court can include resources of the family of a supporting spouse in determining financial condition. Quite to the contrary, we there said:

> While it may be expected reasonably that a mother who has been generous in the past will be generous in the future, yet she alone is the judge of the measure and circumstances of her generosity. An award of alimony in this action should not be based upon an assumption that, if it be necessary to enforce the award by contempt proceedings against the defendant, the mother through love for her son will come to his aid rather than see him subjected to imprisonment.

*Lonabaugh*, 22 P.2d at 203.

The wife, in this case, presented no evidence of the vested interest of the husband in his mother's estate, and we cannot properly consider any speculative interest as a source of income contributing to the husband's overall financial condition.

It is appropriate, in this case, to comment upon the reliance by the trial judge on anecdotal experiences of his own. While anecdotal recitations may seem to incorporate a homespun and down-to-earth approach to judicial decision making, they are equally susceptible to a perception that the case was not decided upon the evidence. Consequently, trial judges are well advised in all cases to recite only those things disclosed by the evidence in explaining the justification for the findings and the decision.

We hold the husband carried his burden of establishing a substantial change in his circumstances, and the district court abused its discretion in refusing to terminate or reduce the alimony. We reverse and remand for a determination of the appropriate reduction in the alimony payments, if the alimony payment requirement is not terminated.