**Darold J. PEKAS and Katherine Splichal, Appellants (Petitioners),**

v.

**Elizabeth Karen THOMPSON, Successor Trustee of the Elizabeth M. Rizzi Testamentary Trust, Appellee (Respondent).**

No. 94–270.

Supreme Court of Wyoming.

Sept. 20, 1995.

Paul Thomas Glause, Rock Springs, for Appellants.

Richard Mathey of Reese & Mathey, Green River, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

LEHMAN, Justice.

Donald J. Pekas and Katherine Splichal (appellants) appeal from a summary judgment awarding Elizabeth K. Thompson (appellee), successor trustee of the Elizabeth M. Rizzi Testamentary Trust, a forfeiture under a contract for deed. Appellants raise issues

concerning the propriety of the summary judgment, the denial of a motion to amend the pleadings and the awarding of attorney fees.

We affirm the judgment but reverse and vacate the award of attorney fees for a failure of proof.

Appellants raise three issues:

1. Whether the Trial Court erred as a matter of law in granting summary judgment in favor of the Appellee and against Appellants?

2. Whether, because a trial was required, the Trial Court should have allowed the Appellants to amend their pleading to assert causes of action for declaratory judgment, interpleader, accounting of rents paid and for damages?

3. Whether the Trial Court abused its discretion in awarding the Appellees attorney fees in light of the applicable rule of law?

### FACTS

In 1979, Elizabeth Rizzi (Rizzi) entered into an Agreement for Sale of Real Estate (the First Agreement) with Kennard, Carol and Terry Bigler (the Biglers) for property in Sweetwater County, Wyoming. The Biglers agreed to purchase the property in installments plus interest; and, in exchange, Rizzi agreed to place the deed in escrow to be delivered to the Biglers upon final payment. In addition to the installment payments, the agreement required the Biglers to pay all taxes and assessments.

In 1982, Rizzi died, leaving her interest in the property to John and Kathleen Rizzi (the Rizzis). The Biglers then sold their interest in the property to appellants. That deal was evidenced by a Real Estate Agreement (the Second Agreement) which was executed by the Biglers, appellants and the Rizzis in December of 1983. That agreement provided that it was to be "read in conjunction with the [First Agreement] which is attached hereto and made a part hereof." The Rizzis died in 1992, and their interest then passed on to appellee, their daughter.

Regular payments were made by the appellants until 1988, and thereafter, only pay-

ments of interest were intermittently made. On August 17, 1992, appellee sent a notice of forfeiture to appellants. The notice advised appellants that no payments of interest or principle had been received for 1992 and that appellee had paid the 1991 property taxes. The notice requested payment and that failure to cure would result in a forfeiture. The appellants paid interest through August 1992 and reimbursed appellee for the property taxes on August 20, 1992.

Then, on September 18, 1992, a second notice of forfeiture was sent to appellants demanding reimbursement for the 1989 property taxes which had been paid by John and Kathleen Rizzi. Appellants failed to make payment, and appellee filed an Affidavit of Default and Forfeiture in the Sweetwater county clerk's office on December 16, 1992.

Appellee assumed possession of the property late December 1992. On January 26, 1993, appellants filed a Petition for Ejectment and Delivery of Deed. Appellee counterclaimed to quiet title. Both sides filed briefs and affidavits in support of their positions; and on April 25, 1994, the district court judge awarded summary judgment to appellee, finding that appellants had forfeited their rights under the agreements, and awarded appellee attorney fees.

After the district court entered its order on May 20, 1994, appellants filed a Motion to Amend and Clarify Judgment, Motion for Reconsideration of Order Granting Summary Judgment, Motion for Leave to Amend Pleadings to Assert Causes of Action for Declaratory Judgment, Interpleader, Accounting for Rents Paid and Damages, and Objection to Award of Attorney Fees (postjudgment motion). The district court denied all motions and assessed additional attorney fees against them. Appellants now appeal.

### DISCUSSION

#### A. Summary Judgment

Appellants contend that the district court erred in granting summary judgment for several reasons. First, appellants assert that appellee's parents, the Rizzis, "clearly and unequivocally" decided to add the unpaid 1989 property tax to the amount owed under

the agreements rather than as a default, pursuant to the agreements. Second, appellants claim that appellee gave an improper notice of forfeiture by failing to mail the notice to appellant Splichal's known address and that the notice reduced the time allowed to cure in the agreements. Lastly, appellants argue that summary judgment was inappropriate because the agreements are ambiguous as to whether they create an installment contract or an equitable mortgage.

■ Appellants did not raise these arguments during the summary judgment proceeding. Instead, they were made for the first time in appellants' post-judgment motion. When we review a grant of summary judgment, the case is examined in the same manner as the trial court; and the motion is treated as if it were originally before us, using the *identical* materials and information presented to the trial court. *Baldwin v. Dube*, 751 P.2d 388, 390 (Wyo.1988). The rule is that a party on appeal "may only refer to the record as it existed at the time the trial court ruled, outline the arguments made at that time, and explain why the trial court erred in granting summary judgment." *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.*, 226 Ill.App.3d 507, 168 Ill.Dec. 634, 636, 589 N.E.2d 1034, 1036 (1992); *see also E.B. Smith Co. v. U.S. Fidelity & Guar. Co.*, 850 S.W.2d 621, 624 (Tex. App.1993); *Diamond v. Aronov*, 621 So.2d 263, 265 (Ala.1993). Therefore, we would ordinarily decline to consider appellants' arguments which were raised after the trial court made its ruling on summary judgment.

■ However, even if we were to consider appellants' arguments on the merits, we would still conclude that summary judgment for appellee was appropriate. The record is devoid of any evidence that the Rizzis "clearly and unequivocally" added the 1989 property taxes to the amount owed rather than to treat the failure to pay as a default. The only evidence on the issue, the September 18, 1992 Notice of Forfeiture, demonstrates to the contrary. Also, it is clear that the Notice of Forfeiture complied with the terms of the agreements. The notice gave appellants more than the thirty days required by the agreements to cure, and it was mailed to the address specified in the Second Agreement. Under the terms of that agreement, appellants were required to notify appellee, in writing, of any address change; no such notice was recorded. Finally, appellants are judicially estopped from claiming that the agreements constitute anything but an installment contract since, in their Reply to Counterclaim and their Brief in Support of Petition for Ejectment and Delivery of Deed, appellants admitted that fact. Appellants cannot claim otherwise on appeal. *Matter of Paternity of JRW*, 814 P.2d 1256, 1265–66 (Wyo.1991).

### B. *Motion to Amend Pleadings*

Appellants contend that the trial court erred by not allowing them to amend their pleading to assert causes of action for declaratory judgment, interpleader, accounting of rents and for damages.

■ The decision to permit amendment to the pleadings is committed to the sound discretion of the district court. *Herrig v. Herrig*, 844 P.2d 487, 490 (Wyo.1992); W.R.C.P. 15. In *Slavens v. Board of County Comm'rs*, 854 P.2d 683, 687 (Wyo.1993), we held that it was not an abuse of discretion for the district court to deny an amendment to the pleadings when the motion was filed four days after the court's decision letter had issued. In this case, appellants did not file their motion to amend until seventeen days after the court had issued its order. Therefore, there was no abuse of discretion when the district court denied the motion to amend. *Id. See also Herbel v. S.K. Wood Co.*, 897 P.2d 478, 480 (Wyo.1995).

### C. *Attorney Fees*

Both agreements provided that appellants would pay all reasonable attorney fees and costs in the event they were in default and court action ensued. The order granting summary judgment provided for an award of $3,442.34 in attorney fees to appellee. The order denying appellants' post-judgment motion provided for an additional $1,241.00 in attorney fees. Appellants appeal these awards complaining that there is no evidence that the award is reasonable in accordance

with this court's opinion in *Hinckley v. Hinckley,* 812 P.2d 907, 915 (Wyo.1991):

> Wyoming has adopted the federal "lodestar" test for the determination of the reasonableness of attorney fees. *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584 (Wyo.1989). *See Stanbury v. Larsen,* 803 P.2d 349 (Wyo.1990). The lodestar test requires that two factors be considered: (1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether other factors of discretionary application should be considered to adjust the fee either upward or downward. *UNC Teton,* 774 P.2d at 595. The party who is seeking an award of fees has the burden of providing proof of the reasonableness of his fee. *See Miles v. CEC Homes, Inc.,* 753 P.2d 1021 (Wyo.1988); *Jones Land & Livestock v. Federal Land Bank,* 733 P.2d 258 (Wyo. 1987). In order to meet that burden of proof, the claimant must present not only an itemized billing reflecting the time and the rate, but there must be evidence demonstrating that the fee was reasonable. *UNC Teton.*

Appellants note that the attorney for appellee simply submitted an affidavit which reiterated the total amount of his fees claimed. Since appellee did not offer an itemized billing or any other evidence of reasonableness, appellants assert that the district court abused its discretion in awarding fees.

Appellee counters that W.S. 1–14–126(b) (Cum.Supp.1995), enacted in 1992 after the *Hinckley* opinion was published, "does away" with the requirement of demonstrating that the award was reasonable and with the presentation of an itemized billing. That statute provides as follows:

> (b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:
>
> (i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;
>
> (iii) The fee customarily charged in the locality for similar legal services;
>
> (iv) The amount involved and the results obtained;
>
> (v) The time limitations imposed by the client or by the circumstances;
>
> (vi) The nature and length of the professional relationship with the client;
>
> (vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and
>
> (viii) Whether the fee is fixed or contingent.

Appellee claims that the affidavit submitted by her attorney is sufficient in light of the "new law" set out in this statute.

We disagree. Nothing in the statute purports to say that proof of reasonableness is no longer required. Indeed, the statute explicitly contemplates that attorney fees will be reasonable. The statute simply sets out a list of factors the court may consider when awarding attorney fees and that the court may do so without requiring expert testimony on the subject. We fail to see how the statute affects the burden of proof requirements we articulated in *Hinckley.* That burden was, and still is, on appellee. There was no testimony or evidence on the reasonableness of the attorney fees, nor did appellee submit an itemized billing. We find no error in awarding attorney fees; the agreements clearly support the district court's decision to do so. However, we find no support in the record that the amount of attorney fees claimed by appellee are reasonable.

Past decisions of this court concerning unproven attorney fees have not resulted in any "realistic or consistent result whether to deny as unproven or remand for trial consideration upon proper proof." *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584, 596 (Wyo.1989). We have remanded for further proof in at least two situations: when a party did not have an opportunity to present proof to the lower court, *Greenough v. Prairie Dog Ranch, Inc.,* 531 P.2d 499 (Wyo.1975), and when a case was being re-

manded for other reasons, *Gifford v. Casper Neon Sign Co., Inc.*, 618 P.2d 547 (Wyo. 1980). In other cases where there has been a failure of proof we have reversed the award of attorney fees without remand. *Albrecht v. Zwaanshoek Holding En Financiering, B.V.*, 762 P.2d 1174 (Wyo.1988). Today, we make it clear that if a party has had an opportunity to present proof of attorney fees to the trial court, and they fail to do so, the award will be summarily reversed on appeal with no remand. *Durdahl v. Bank of Casper*, 718 P.2d 23, 31 (Wyo.1986). A party will not be allowed "another bite of the apple" in order to prove an element of their claim. *Downing v. Stiles*, 635 P.2d 808, 817 (Wyo.1981). A remand to allow additional proof on attorney fees will be allowed only in those instances where a party was denied an opportunity to make proof in the proceeding below.

In this case, appellee had adequate opportunity to make proof of her attorney fees. She failed to do so, therefore we reverse and vacate the award of attorney fees.

### *CONCLUSION*

The district court did not err in granting summary judgment in favor of appellee or in denying appellants' post-judgment motion. Appellee failed to prove her attorney fees in conformity with the requirements of our precedent and, consequently, the award is reversed and vacated.