Barbara B. **GOODY**, Appellant (Plaintiff),

v.

William Keith **GOODY**, Appellee (Defendant).

No. 96–83.

Supreme Court of Wyoming.

June 17, 1997

Katherine L. Mead of Mead & Mead, Jackson, for Appellant.

W. Keith Goody, pro se.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Appellee, W. Keith Goody (Father), petitioned to reduce his child support obligations assessed in his divorce. The district court found that Father's existing financial condition represented a change of circumstance and, premised on that change, reduced Father's child support obligations. Appellant, Barbara Goody (Mother), timely appeals.

We reverse and remand.

From the five issues identified by Mother, we need state only two in resolution of this appeal:

1. Whether the trial court abused its discretion when it found that a change of circumstances had occurred warranting a reduction of [Father's] child support based on [Father's] self-created financial [condition].

2. Whether the trial court abused its discretion when it ordered the parties to pay their own attorneys fees.

## FACTS

From a Judgment, Order and Decree of Divorce entered on December 10, 1993, Father was ordered to pay $1,200 per month for the support of his two children. This amount was above the presumptive child support amount provided for in W.S. 20–6–304, however, the court found the deviation warranted because of the high cost of living in Teton County compared with other Wyoming counties. In addition, to equalize the property distribution, Father was ordered to pay as a property settlement the sum of $746.66 per month to Mother for a period of 60 months. Father did not appeal and made payments in accordance with the decree throughout 1994. In January 1995, Father made a $746.66 payment toward the property settlement, but no child support payment. On January 18, 1995, he presented a motion to the district court to reduce child support and to eliminate related payments, as well as to change custody.

At the time of the divorce, Father was left with $247,150 in assets (which included $89,250 in cash) and $34,100 of debt. At the time of the modification hearing, October 6, 1995, Father represented his assets to be $482,000, with a corresponding debt of $443,000. The debt accumulated by Father primarily reflects mortgages on a lot he purchased in anticipation of building a home and the home he subsequently purchased instead of building, quarterly income tax payments accrued but not paid in 1994 and 1995, and an amount owed to his pension plan (which represents a loan from the pension plan to his current spouse).

Father's income also changed from the time of the divorce. Father's adjusted gross income in 1993, the year of the divorce, was $49,253. In 1994, his adjusted gross income was $149,143 and his personal expenditures for 1994 totaled $152,379. In addition to the court ordered payments, those expenditures included $57,600 towards the lot, architectural expenses, and the purchase of a home, $23,000 for a new truck, and $5,000 for a

membership to the Teton Pines Country Club. Father's projected gross income for 1995 was $95,000.

Pursuant to the modification hearing, the trial court issued a decision letter. The court agreed with a calculation of presumptive support based on Father's income from January through August 1995, and Mother's imputed income for a 40-hour work week for the same period of time, relying on the custody arrangement provided for in the divorce decree. Father's share of the presumptive support amount equaled $1,187.36 per month, approximately $13.00 less than the support amount originally ordered. Therefore, the provision in W.S. 20-6-306(a) (1994) which creates a rebuttable presumption that an adjustment of child support orders is warranted when a party can establish that the presumptive child support will change by twenty percent or more per month did not apply. Nevertheless, the court found that a substantial change of circumstances, namely Father's precarious financial condition, justified a modification of the child support order. Accordingly, the court reduced Father's monthly child support obligation to $900 per month.[1]

### DISCUSSION

■ Modification of the provisions of a divorce decree is appropriate only in limited circumstances. *Smith v. Smith,* 895 P.2d 37, 41 (Wyo.1995). The party seeking modification of a child support order must establish that there has been a material and substantial change in circumstances subsequent to the decree which outweighs the interests of society in applying the doctrine of *res judicata. Id., Pinther v. Pinther,* 888 P.2d 1250, 1253 (Wyo.1995), *Nuspl v. Nuspl,* 717 P.2d 341, 345 (Wyo.1986); *see also* W.S. 20-6-306(a). The district court's decision to modify a divorce decree is reviewed for abuse of discretion. *Rocha v. Rocha,* 925 P.2d 231, 233 (Wyo.1996) *(citing Cranston v. Cranston,* 879 P.2d 345, 349 (Wyo.1994)). An abuse of discretion occurs when a court's decision ex-

ceeds the bounds of reason or constitutes an error of law. *Id. (citing Combs v. Sherry–Combs,* 865 P.2d 50, 55 (Wyo.1993)).

Father contends that material and substantial changes in circumstances subsequent to the divorce decree warrant a reduction in his child support obligations. He asserts he is no longer able to pay $2,000 per month (which includes both child support and the property settlement payment), and contends he never was able to make those payments without placing himself and his law firm in financial jeopardy. Father also states that the nature of his law practice changed significantly in 1993 and 1994 as a result of increased competition in the Jackson area and an increase in the percentage of time Father spends on public defender work as compared to his private practice. The remainder of Father's argument is focused on the fact that Mother does not work and that Father has paid for virtually all of the children's outside activities and medical expenses.

■ With respect to Father's argument that he has never been able to pay the ordered support amount, we can only say that any objection on that basis was lost by Father's failure to appeal from the original decree. "A modification hearing is not a time to reconsider the evidence and premises upon which the original judgment was entered but only to consider whether there has been such change of circumstances as to warrant a different decree." *Lewis v. Lewis,* 716 P.2d 347, 351 (Wyo.1986) *(quoting Salmeri v. Salmeri,* 554 P.2d 1244, 1252 (Wyo. 1976)). "A modification cannot be granted just because the original decree resulted in what petitioner sees as a bad result." *Lewis,* at 351. Father also makes much of the fact that Mother is unemployed and that he pays all the medical and recreational expenses for the children. However, the record fails to support any contention that these facts represent a change in circumstances which has occurred since the original decree was entered; therefore, they do not justify a modification.

---

1. In addition, the trial court reduced to judgment that portion of the property settlement and child support outstanding at January 1, 1996. Neither party appealed that ruling. The parties stipu-

lated before the hearing that Father would withdraw his motion with regard to child custody and visitation.

■ Father's income increased from approximately $50,000 at the time of the divorce to approximately $150,000 in 1994. At the time of the hearing, he projected his gross income for 1995 would be $95,000, still a significant increase over his 1993 income. While the evidence presented illustrates the fluctuating nature of Father's income, the testimony also reflects that 1993 was an unusually lean year. Despite any change in the nature of Father's practice, there has been no adverse impact to his income. On the contrary, his income has increased since the original decree.

On the other hand, Father's debt has increased significantly since 1993. However, this court has stated that debts acquired subsequent to the divorce decree do not necessarily constitute a change in circumstances sufficient to alter a support order. *See Johnson v. Johnson,* 717 P.2d 335, 340 (Wyo. 1986). In *Johnson,* the father purchased a house for over $200,000 with a large mortgage and acquired an airplane for tax loss write-off purposes. We held that Wyoming law does not accommodate purchases of that nature as meeting the requirement of a material change of circumstance. *See id.*

Here, in an attempt to avoid capital gains on the sale of the marital home pursuant to the divorce, Father purchased a building lot for $88,000, for which he put down $30,000 in cash. He spent $10,000 in architectural fees, at which point he determined it was not feasible to build. He and his fiancée then purchased a home for $315,000, with a $200,000 mortgage. The down payment for that home consisted in part of a $52,000 loan from Father's pension plan to his wife-to-be, which upon their marriage became taxable (which would appear to negate the savings in capital gains tax that drove the purchase of the home). Father also borrowed over $50,000 from his parents and, in return, they received the equity in the building lot (although Father and his wife continue to make the loan payments), a second mortgage on the house, and a security interest in a new truck which Father purchased in 1994 for $23,000 in cash. In addition to the maze of mortgages and loans acquired by Father subsequent to the divorce, Father is over $40,000 in arrears on his income tax payments for 1994 and early 1995, which he attributes to the fact that he made the scheduled payments pursuant to the divorce decree, even though he could not afford them. Given the fact that Father paid out over $60,000 in cash on the building lot, in architect's fees, and on a new pickup truck, we can only attribute his failure to pay income taxes to the relatively low priority which he apparently placed on that obligation.

■ We have no doubt that Father has encountered financial difficulties. However, the debt accumulated by Father subsequent to the divorce, including the tax arrearage, is largely a result of voluntary choices he has made over the past two years. Father assumed these debts fully aware of his pre-existing, court-ordered obligation to pay child support and a property settlement. The non-custodial parent's desired standard of living cannot determine his ability to pay. *See Nuspl,* 717 P.2d at 346; *Edwards v. Edwards,* 82 Nev. 392, 419 P.2d 637, 638 (1966) (relief denied due to father's evident lack of desire to cut his own family expenses). We hold steadfast in the position that the type of changes in a person's financial picture that have been presented by Father are not a proper basis on which a person can seek modification of a divorce decree.

The district court's order provided that each party was to be responsible for their own attorney fees. In view of the changed result, we remand to the district court for the purpose of determining whether attorney fees should be awarded to Mother.

## CONCLUSION

We hold that appellee failed to meet his burden of proving a material or substantial change of circumstances which warranted the finality of the divorce decree provisions to be disturbed. In the absence of a material or substantial change of circumstances, the district court abused its discretion when it modified the divorce decree as requested by Father. Therefore, we reverse that portion of the district court's order which reduced Father's child support obligation and remand to the district court for reconsideration of attor-

ney fees. In all other respects the district court's order stands as imposed.