**Lillian Josephine MURPHY, f/k/a Lillian Josephine Holman, Appellant (Plaintiff),**

v.

**Scott Gordon HOLMAN, Appellee (Defendant).**

No. 96–301.

Supreme Court of Wyoming.

Oct. 29, 1997.

Larry R. Clapp of Clapp & Associates, P.C., Casper, for Appellant (Plaintiff).

Peter J. Feeney, Casper, for Appellee (Defendant).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

Claiming a change of circumstance due to loss of her employment and declining health, appellant (Mother) petitioned to reduce her child support obligation. The court denied Mother's petition, finding no substantial change of circumstances, and ordered Mother to pay appellee's (Father) attorney fees. We affirm the district court's refusal to modify child support and reverse the award of attorney fees.

## ISSUES

Although separately phrasing the issues in a self-serving light, both parties address two issues from the decision of the trial court:

**I.** Did the trial court abuse its discretion by finding Mother failed to prove a substantial change in circumstance to warrant modification of child support?

**II.** Did the trial court abuse its discretion when awarding attorney fees without itemization of time and rate and without evidence demonstrating reasonableness?

## FACTS

Precisely one year after the divorce decree issued awarding custody of the parties' child to Father and ordering Mother to pay $470 per month child support, Mother petitioned the court to be relieved of the child support obligation. Mother, a registered nurse, alleged a material change in circumstances based on the loss of her $52,448.93 annual income as Director of I.V. Therapy for the Wyoming Medical Center.

In her petition, Mother attributes her loss of employment to a reorganization by her employer and a diagnosis of asthma which precluded her from contact with various substances like chemical smells, animals, air conditioners and fungus and also precluded her from walking stairs. Based on that diagnosis, Mother stated that she will not be returning to work and cannot afford to pay child support. Father filed a traverse to the petition, which disputed a change of circumstances and included a counter-petition seeking child support arrearages and attorney fees. After a hearing on Mother's petition, the trial court found that Mother had not established a change of circumstances and ordered her to pay the child support arrearages and Father's attorney fees. Mother timely appeals.

## DISCUSSION

### Standard of Review

A party seeking modification of a child support order must establish that there has been a material and substantial change in circumstances subsequent to the decree which outweighs the interests of society in applying the doctrine of *res judicata*. *Smith v. Smith*, 895 P.2d 37, 41 (Wyo.1995); *Pinther v. Pinther*, 888 P.2d 1250, 1253 (Wyo. 1995); *Nuspl v. Nuspl*, 717 P.2d 341, 345 (Wyo.1986); *see also* W.S. 20-6-306(a). The district court's decision to modify a divorce decree is reviewed for abuse of discretion.

*Rocha v. Rocha*, 925 P.2d 231, 233 (Wyo. 1996). An abuse of discretion occurs when a court's decision exceeds the bounds of reason or constitutes an error of law. *Id.; see also Goody v. Goody*, 939 P.2d 731, 733 (Wyo. 1997).

■ Because the alleged abuse of discretion in this appeal centers upon the sufficiency of the evidence, we consider all evidence in the light most favorable to the prevailing party and resolve all conflicts in the testimony and exhibits in favor of that party. *Jones v. Jones*, 858 P.2d 289, 291 (Wyo.1993). We will not set aside a district court's finding of fact unless it is clearly erroneous; but a finding of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained. *Id.*

### Change in Circumstances

■ In denying Mother's petition for modification, the district court concluded without explanation that "Plaintiff did not meet her burden of proving a substantial change in circumstances such that the decree should be modified." Mother asserts that this finding is against the great weight of the evidence, particularly the uncontradicted facts that her income went from approximately $52,000 to nothing and that her health deteriorated to the point that she cannot work. These facts, she argues, demonstrate that the district court abused its discretion in failing to find a change of circumstances sufficient to relieve her from her child support obligation.

Mother's own testimony and the testimony of her doctor, Dr. Hrnicek, however, sufficiently reflect that Mother's medical condition existed at the time of the divorce, September 1994, and support the district court's finding that her condition did not constitute a change of circumstances. Mother testified that she had had trouble breathing since 1982. She also testified that at the time of the divorce she had a bronchodilator available to treat her asthma. Her doctor testified that he had treated her for asthma since April 8, 1993, and that she had reported in her medical history that she had had severe attacks in the past. He also testified she rarely had attacks, and that he considered

her able to work in an atmosphere free from air pollutants. We have previously held, as we do here now, that where the evidence demonstrates that the complainant's physical ailments existed at the time of the divorce, the condition does not constitute a material change of circumstances warranting modification of a divorce decree. *See Crawford v. Crawford*, 828 P.2d 1192, 1193 (Wyo.1992).

■ As for Mother's loss of income, we have established that the district court has the discretion to set child support at a level consistent with a parent's earning capacity. *Rowan v. Rowan*, 786 P.2d 886, 889 (Wyo. 1990). Wyoming Statute 20–6–301(a)(i) (Rpl. 1994) states in part: "Gross income also means potential income of parents who are voluntarily unemployed or underemployed." Additionally, W.S. 20–6–302(b)(xi)

Sufficient evidence exists to support the district court's inference that Mother was voluntarily not attaining her potential earning capacity. Mother testified that as the director of I.V. Therapy she sometimes worked the floor shift. She also testified that she had refused to pay her child support obligation from her severance pay or assets, and, while she had applied for one position since she lost her job at the Wyoming Medical Center, she had not attempted to find a job which would conform to her physical restrictions. Mother's lack of diligence in pursuing another job despite her experience and training, as well as her failure to show a change in her physical capacities, support the district court's inference that Mother's earning capacity had not materially changed. We therefore hold that the district court did not abuse its discretion when it found no material change of circumstances existed which would justify a modification of child support.

### Attorney fees

■ Mother contends the district court abused its discretion when it ordered Mother to pay Father's attorney fees because Father failed to present evidence on the reasonableness of the fees claimed. Wyoming Statute 1–14–126(b) governs awards of attorney fees. The statute sets out a list of factors the court may consider when awarding attorney fees

and authorizes the court to make a reasonable award to a prevailing party without requiring expert testimony. W.S. 1–14–126(b) (1997). The party seeking an award of attorney fees has the burden of proving the reasonableness of the fees. *Pekas v. Thompson*, 903 P.2d 532, 536 (Wyo.1995). "In order to meet that burden of proof, the claimant must present not only an itemized billing reflecting the time and the rate, but there must be evidence demonstrating that the fee was reasonable." *Pekas*, 903 P.2d at 536 (quoting *Hinckley v. Hinckley*, 812 P.2d 907, 915 (Wyo.1991)).

Here, Father testified at trial that he had been charged $750 by his attorney and he believed that amount to be reasonable. Father did not submit an itemized billing or offer any evidence upon which the court could evaluate the reasonableness of the fees based on the statutory factors. In *Pekas*, we established that

> if a party has had the opportunity to present proof of attorney fees to the trial court, and they fail to do so, the award will be summarily reversed on appeal with no remand. *Durdahl v. Bank of Casper*, 718 P.2d 23, 31 (Wyo.1986). A party will not be allowed "another bite of the apple" in order to prove an element of their claim.

*Downing v. Stiles*, 635 P.2d 808, 817 (Wyo. 1981). A remand to allow additional proof on attorney fees will be allowed only in those instances where a party was denied an opportunity to make proof in the proceeding below.

903 P.2d at 537.

We find nothing in the record to suggest that Father was denied the opportunity to present proof of the reasonableness of his attorney fees. In light of the rule articulated in *Pekas*, we summarily reverse the award of attorney fees as an abuse of discretion by the district court.

### CONCLUSION

We affirm the district court's refusal to modify Mother's child support obligation based on her failure to establish a material change in circumstances and reverse the attorney fee award for lack of substantiating evidence.