**In re the MARRIAGE OF Irene REDFORD, Appellee,**

**and**

**Bruce Redford, Appellant.**

**No. 88CA0157.**

Colorado Court of Appeals, Div. I.

June 1, 1989.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Lawrence Litvak, P.C., Lawrence Litvak and Ronald D. Litvak, Denver, for appellee.

Richard D. Gilson, Aurora, for appellant.

PLANK, Judge.

In this dissolution of marriage action, Bruce Redford (father) appeals those portions of the permanent orders relative to child support, computation of father's gross income, division of property, and attorney's fees. We reverse and remand.

The permanent orders awarded custody of the two minor children to the mother with rights of visitation granted to the father. The visitation award entitled the father to have the children overnight for approximately thirty-seven percent of the year.

During the pendency of the dissolution proceeding, the child support statute, § 14-10-115, C.R.S. (1987 Repl.Vol. 6B), was amended, effective July 1, 1987. At the hearing on permanent orders, on September 10, 1987, the district court orally entered an order requiring the father to pay child support in the amount of $564 per month. However, prior to entry of the written permanent orders, in an effort to comply with the amended statute, the trial court increased the child support obligation of the father to $730 per month. The trial court concluded that the father had failed

to produce sufficient evidence of contribution to the expenses of the children to justify a child support reduction based upon shared physical custody. Thus, the trial court failed to apply the support calculation applicable to shared custody, § 14–10–115(14)(b), C.R.S. (1987 Repl.Vol. 6B).

## I.

Father contends that the trial court erred in interpreting § 14–10–115. We agree.

The 1987 amendment of the child support statute repealed the then existing formula for calculating support obligations in cases of shared physical custody. *See* Colo.Sess. Laws 1976, ch. 120, § 14–10–115(15) at 723. For purposes of this section, "shared physical custody means that each parent keeps the children overnight for more than twenty-five percent of the year *and* that both parents contribute to the expenses of the child in addition to the payment of child support." Section 14–10–115(8), C.R.S. (1987 Repl.Vol. 6B) (emphasis added). The 1987 amendment adopted a new formula, § 14–10–115(14)(b), and it also included a provision requiring the use of a multiplication factor intended to account for the duplication of basic expenses in shared custody arrangements:

"Because shared physical custody *presumes* that certain basic expenses for the children will be *duplicated,* an adjustment for shared physical custody *is made* by multiplying the basic child support obligation by one and one-half."

Section 14–10–115(10)(c), C.R.S. (1987 Repl. Vol. 6B) (emphasis added).

Section 14–10–115(14)(b) states:

"In cases of shared physical custody, each parent's adjusted basic child support obligation obtained by application of paragraph (c) of subsection (10) of this section shall first be divided between the parents in proportion to the respective adjusted gross incomes. Each parent's share of the adjusted basic child support obligation shall then be multiplied by the percentage of the time the children spend with the other parent to determine the theoretical basic child support obligation owed to the other parent. To these amounts shall be added each parent's proportionate share of work-related net child care costs, extraordinary medical expenses, and extraordinary adjustments to the schedule. The parent owing the greater amount of child support shall owe the difference between the two amounts as a child support order minus any ordered direct payments made on behalf of the children for work-related net child care costs, extraordinary medical expenses, or extraordinary adjustments to schedule."

At the hearing on permanent orders, the mother submitted her affidavit for child support based upon shared physical custody. The trial court determined the father's child support obligation reflecting the figures which were tendered by the mother. Subsequently, the trial court amended this order, pursuant to C.R.C.P. 59(c)(4), and determined that the father was not entitled to have his child support obligation calculated based upon shared physical custody. The trial court concluded that the father had failed to sustain his burden of proving that he had contributed to the expenses of the children in addition to the payment of child support. This was error.

We agree with the trial court's conclusion that in order for child support to be calculated according to shared physical custody, sufficient evidence must be submitted that each parent keeps the children overnight for more than twenty-five percent of the time *and* that both parents contribute to the expenses of the children in addition to the payment of child support. (emphasis added). Here, at the hearing on permanent orders, the father submitted evidence regarding the additional expenses he incurred while the children were in his custody. These expenses were not refuted by the mother. Furthermore, the mother requested that the trial court order child support based on the calculations she had submitted which, in turn, were based on shared physical custody.

There is no statutory requirement that any particular amount of expense be

proven by the parent seeking a support adjustment for shared physical custody. Hence, we conclude the trial court's finding was erroneous and that the requirements for establishing shared physical custody were satisfied as matter of law. *See Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979)

The requisites for shared physical custody having been established, § 14–10–115(10)(c), requires that the child support obligation be adjusted by the mathematical formula contained in § 14–10–115(14)(b).

The father's other assignments of error are without merit.

Accordingly, the judgment is reversed and the cause is remanded with directions that the trial court recalculate child support payments in accordance with the statute and consistent with the views herein expressed.

PIERCE and RULAND, JJ., concur.