In re the MARRIAGE OF James Lee QUAM, Appellee,

and

Bridget C. Quam, Appellant.

No. 89CA2049.

Colorado Court of Appeals, Div. I.

June 6, 1991.

Marshall & Marshall, Julie G. Marshall, Canon City, for appellee.

Stanley G. Lipkin, on the briefs, Denver, for appellant.

Bridget C. Quam, pro se.

Opinion by Judge RULAND.

In this dissolution of marriage proceeding, Bridget C. Quam, mother, appeals from the child support order entered for the support of the parties' three children. The sole issue is whether the trial court erred in applying a shared custody support calculation to a complex visitation schedule involving separate and distinct, but at times overlapping, visitation schedules for the parties' three minor children. We reverse and remand.

The trial court awarded the mother sole legal and physical custody of the parties' three children. At the same time, the trial court adopted a visitation schedule recommended by expert custody evaluators. The complexity of the visitation schedule resulted, primarily, from the fact that the parties' two younger children attend a year-round school program with four basic vacation periods of approximately 15 days each quarter. The oldest child, however, has a conventional school calendar with spring and summer vacation periods.

Based upon these and other considerations, the father was granted, each month, one weekend with the oldest child alone, one weekend with the two younger children, and two weekends with all three children. The father was also awarded 40 days of summer vacation with the oldest child. As to the youngest children, father was awarded 15 days of the second and fourth quarter vacation periods and 10 days in each of the other quarter vacation periods. Finally, father was awarded visitation on alternate Christmas, Thanksgiving, and Labor Day holidays as well as Father's Day and the father's birthday.

Mathematical uncertainty results because visitation was reserved for mother on one weekend each month with all three children, and father was granted 16 "make-up" days because of the impact on his visitation schedule. In addition, other adjustments are necessary because of the fact that holiday vacations sometimes include weekends.

This uncertainty leads to disparate interpretations of the schedule with father contending that he has approximately 116 overnights per year with the oldest child and 121 overnights with the two younger children. Mother, on the other hand, argues that father is entitled to only approximately 99 overnights with the oldest child and 109 with the younger children.

Applying the statutory formula for sole custody under § 14–10–115(14)(a), C.R.S. (1987 Repl.Vol. 6B), the wife sought basic child support of $615 per month. Husband argued, however, that he was entitled to a shared custody calculation under §§ 14–10–115(8) and 14–10–115(14)(b), C.R.S. (1987 Repl.Vol. 6B), contending that he would have at least two of the children for more than twenty-five percent of the year.

Husband presented three alternative shared custody calculations tailored to the visitation schedule. Each calculation contained a different method of computing overnights. The first proposal credited father with one full overnight for each night in which husband would have one or more children overnight, for a total of 164 overnights. The second proposal credited father for each night in which he would have two or more children, for a total of 114 overnights. The third calculation, a "compromise" between the first two proposals, credited father with each night in which he would have the two younger children, plus one-third of the nights in which he would have the oldest son overnight, resulting in a total of 131 overnights. The corresponding child support awards ranged from a low of $115.76 under the first proposal to $318.11 under the second proposal, and $249.31 under the compromise calculation.

The trial court adopted the husband's compromise proposal, finding that this computation constituted the most equitable method of determining appropriate support.

On appeal, the mother contends that the trial court erred in reaching its decision because the support order was not based upon a calculation of actual overnights, but rather, was based upon a compromise figure. Additionally, the mother asserts that the trial court improperly granted the father full credit for overnight visitations on nights in which she has one or two of the

children at her home. She contends that by crediting the father for overnights in which he has fewer than all of the children, the trial court has improperly shifted the support burden from the non-custodial parent, the father, to her, thereby circumventing the legislative intent of the child support guidelines. We agree that the trial court's method of calculation was incorrect.

According to § 14–10–115(8), shared physical custody means that "each parent keeps the children overnight for more than twenty-five percent of the year and that both parents contribute to the expenses of the children in addition to the payment of child support." The intent of the shared custody computation is to apportion the basic child support obligation between parents in proportion to the amount of time the children spend with each parent. *See* § 14–10–115(14)(b), C.R.S. (1987 Repl.Vol. 6B).

Here, it is uncontroverted that both parents contribute to incidental expenses of the children in addition to direct child support. *See In re Marriage of Redford*, 776 P.2d 1149 (Colo.App.1989). The issue then is how overnights should be calculated in cases such as this when all of the children do not visit for the same overnight.

The statute does not explicitly address visitation schedules such as this in which *visitation* is, in effect, "split" between different children. The statute, however, does have a "split *custody*" provision, in which the basic child support obligation is divided by the total number of children and then allocated to each parent in proportion to the number of children in that parent's custody. *See* § 14–10–115(14)(c), C.R.S. (1987 Repl.Vol. 6B).

Here, by analogy, in determining whether a shared custody calculation is applicable under § 14–10–115(8), and in computing the resulting obligation under § 14–10–115(14)(b), the amount of the father's overnight visitation should be apportioned so that father is not credited with a full overnight when he actually has less than all three children overnight. Instead,

the father should be credited for one-third of an overnight each time he has one of the children with him.

Thus, if we assume, without deciding, that the mother is correct in her calculation of the number of overnights that the oldest child shares with the father (99) and the two younger children (109), then the total number of overnights would be computed as follows:

$$99 \times \tfrac{1}{3} = 33 \text{ nights}$$
$$109 \times \tfrac{2}{3} = 73 \text{ nights}$$

TOTAL     106 overnights

An obvious advantage to this approach is that in apportioning the overnights, the amount of "overlapping" visitation in the schedules of the older child and the two younger children is automatically computed. Moreover, we believe that this approach best achieves the legislative intent of apportioning the child support obligation in proportion to the amount of time spent by the children in each parent's custody.

Accordingly, the order awarding child support is reversed and the cause is remanded for further proceedings. On remand, the trial court must make findings as to the most accurate approximate number of overnight visits under the separate schedules applicable to the oldest child and the two younger children. *See In re Marriage of Schwaab*, 794 P.2d 1112 (Colo.App. 1990). The court must then apportion the overnights under the formula set forth in this opinion to arrive at a total, cumulative number of overnights for all three children. If the cumulative number of overnights is less than twenty-five percent of the year, the shared custody calculation is inapplicable, *see* § 14–10–115(8), and the father's support obligation must be computed under § 14–10–115(14)(a), the sole custody computation. If, however, the cumulative number of overnights constitutes more than twenty-five percent of the year, the support obligation must be computed under § 14–10–114(b), the shared custody calculation. *See In re Marriage of Redford, supra.*

PIERCE and VAN CISE,* JJ., concur.