**Ron HILL, Appellant (Defendant),**

v.

**Bob ZIMMERER, Appellee (Plaintiff).**

**No. 92–50.**

Supreme Court of Wyoming.

Oct. 28, 1992.

James A. Eddington of Jones, Eddington & Weaver, Torrington, for appellant.

Michael E. Warren of Sawyer, Warren & Kautz, Torrington, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

GOLDEN, Justice.

Ron Hill appeals from a district court judgment which adjudged him to be an apparent joint adventurer with his cousin, Johnny Hill, in a hay hauling operation. As a result of this determination, the district court ordered that judgment be entered against Ron Hill for a debt incurred via a hay purchase agreement with appellee Bob Zimmerer. We will affirm.

## ISSUES

The primary issues are:

1. Whether the district court abused its discretion by allowing evidence to be presented at trial concerning the apparent business relationship of Ron Hill and Johnny Hill as partners or joint adventurers.

2. Whether the district court erred by failing to grant Ron Hill's Wyo.R.Civ.P. 41(b)(1) motion to dismiss after Bob Zimmerer had presented his case-in-chief.

3. Whether the district court's Findings of Fact, Conclusions of Law and Judgment were supported by sufficient evidence.

## FACTS

Very few facts of this case are not in dispute. Of those that are not, however, some foundation can be given to the present controversy. In March of 1988, Ron Hill contacted Bob Zimmerer to see if he had any hay to sell. Bob Zimmerer informed Ron Hill that he did. A short time thereafter, Ron Hill, Johnny Hill, Bobby Hill and Bobby Hill, Jr. showed up at Bob Zimmerer's place to load hay. The hay was first ground by Bobby Hill and Bobby Hill, Jr. for a price of $10 per ton. It was then loaded into Johnny Hill's trailer which was pulled by Ron Hill's over-the-road tractor. Once loaded, the hay was delivered to various feedlots to satisfy supply contracts held by Johnny Hill. Ron and Johnny Hill agreed to split profits on a 60/40 ratio.

By mid-April, the Hills had hauled eleven loads of hay from Bob Zimmerer's place without paying for them. Bob Zimmerer put a halt to the operation at this point and demanded payment. Payment in full was made by late May with checks which were drafted on Johnny Hill's account. Thereafter, the hay hauling operation resumed. Ron Hill did not actively participate from this point forward, as he left for Texas to do custom harvesting. He did, however, leave his tractor behind for continued use. The Hills hauled another twenty-three and one-half loads of hay from Bob Zimmerer's farm by early-July. Once again, they had fallen substantially behind with their payments. Bob Zimmerer told them not to take any more hay and demanded payment. The Hills subsequently left and never returned.

Bob Zimmerer filed a complaint against Johnny Hill and Ron Hill October 13, 1988, which stated in pertinent part:

2. That during the months of March, April, May, June and July, 1988, Plaintiff sold to Defendants $19,375.00 worth of alfalfa hay which Defendants have removed from Plaintiff's property and have failed to pay for.

3. That during the same period of time Defendants purchased an additional $6,250.00 worth of alfalfa hay which they have failed to pick up and which has

deteriorated in value because of weather damage. That during the same period of time Plaintiff ground hay for the Defendants and his labor for said work was $1,000.00.

4. The Defendants owe to Plaintiff the total sum of $26,625.00 which sum they have refused to pay.

5. That all of the transactions between the Plaintiff and the Defendants were conducted in Goshen County, Wyoming, and all contacts between the Plaintiff and the Defendants were in Goshen County, Wyoming.

WHEREFORE, Plaintiff prays for judgment against the Defendants in the amount of $26,625.00, plus the costs of this action, attorney's fees and all other relief to which the Plaintiff is entitled.

Neither Johnny Hill nor Ron Hill timely responded to the complaint, and default judgments were entered against them. The default judgment against Johnny Hill was subsequently discharged in bankruptcy and that against Ron Hill was vacated so that the case could proceed on its merits.

After numerous procedural delays not relevant to this appeal, a one-day, nonjury trial was held on December 11, 1991. Bob Zimmerer's theory of the case was that Ron Hill and Johnny Hill's business relationship constituted an ostensible partnership. Ron Hill had two primary lines of defense. First, he asserted that he was neither a partner nor a joint adventurer with Johnny Hill in the hay hauling operation. Ron Hill explained that he merely accommodated Johnny Hill by contacting Bob Zimmerer on his behalf and by "leasing" his tractor to him for a share of the profits. Second, Ron Hill asserted that, if he did have a contract with Bob Zimmerer, it was only for the first eleven loads of hay (250 tons) which had been paid for in full.

After the trial, the district court filed its judgment which contained findings of fact and conclusions of law. The district court concluded that Ron Hill and Johnny Hill were apparent joint adventurers in the hay hauling operation and ordered that judgment be entered against Ron Hill in the amount of $17,507.50 plus costs of $111.34 at seven percent interest. This appeal followed.

## DISCUSSION

■ Ron Hill argues initially that the district court abused it discretion by permitting partnership and joint adventure evidence to be admitted over his objection at trial and without amendment of the pleadings. He contends that such evidence went beyond the scope of the pleadings, depriving him of adequate notice and opportunity to defend. While it is true that Bob Zimmerer's complaint does not specifically contain the words "partnership" or "joint adventure," Ron Hill's assertion that he was prejudicially surprised by Bob Zimmerer's theory of the case is wholly without merit. The record clearly reflects, through affidavits, discovery documents and the trial transcript, that Ron Hill had notice of and prepared a defense for a partnership or joint adventure theory of liability—the two theories being virtually indistinguishable substantively. Consequently, we hold that the district court did not abuse its discretion by permitting evidence to be introduced concerning Bob Zimmerer's theory of the case.

■ Ron Hill contends secondly that the district court erred by failing to grant his Wyo.R.Civ.P. 41(b)(1)[1] motion to dismiss at the close of Bob Zimmerer's case-in-chief. Ron Hill's argument before the district court, and now on appeal, was essentially that Bob Zimmerer had failed to present facts which would entitle him to relief under the law. The district court denied this motion on the basis that the facts present-

---

1. Wyo.R.Civ.P. 41(b)(1) provides in relevant part:

   After the plaintiff, in an action tried by the court without a jury, has completed the presentation of evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

ed looked to him very much like Bob Zimmerer had made out a claim of joint adventure. Following the denial, Ron Hill proceeded to present his defense.

We find no Wyoming case which has dealt specifically with the issue of whether a district court's denial of a Rule 41(b)(1) motion to dismiss is reviewable when a defendant has proceeded to present evidence following the ruling.[2] The matter has, however, been considered in the federal courts. The general rule in the federal courts was that a defendant, by presenting evidence, waived his right to appeal from a denial of a Rule 41(b)(1) motion to dismiss.[3] *E.g., Bituminous Const., Inc. v. Rucker Enter., Inc.,* 816 F.2d 965, 967 (4th Cir. 1987); 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 41.13[1] (2d ed. 1991). The significance of this rule was that, when a defendant appealed an adverse final judgment, a review was made by considering *all* of the evidence relied upon by the district court, not just that presented in plaintiff's case-in-chief. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2371 (1971 and Supp. 1992).

■ We believe that the federal rule promotes the policy of deciding cases on their merits and that it is consonant with the provision in Rule 41(b)(1) which allows courts to defer ruling on a motion to dismiss until all evidence has been presented. Consequently, we apply the federal rule in this case and hold that Ron Hill has waived his right to appeal the district court's denial of his motion to dismiss. We proceed then, in accord with the federal rule, to consider the entire record to determine if sufficient evidence exists to support the district court's judgment.

As indicated above, our analysis of Ron Hill's second issue leads us directly to his third area of concern—sufficiency of the evidence. Ron Hill argues primarily that the evidence in the record is insufficient to support the district court's finding that he was an apparent joint adventurer with his cousin, Johnny Hill, in the hay hauling operation. He does not challenge the amount of the judgment except to the extent that $662.50 was awarded for damaged hay. After setting forth the applicable standard of review, we will address these contentions in order.

■ Our standard of review when faced with a sufficiency-of-the-evidence challenge is well known. We presume that the findings of the district court are correct and will not disturb them unless they are clearly erroneous or contrary to the great weight of the evidence. *E.g., Ferguson v. Reed,* 822 P.2d 1287, 1290 (Wyo.1991). When reviewing the evidence, we accept the evidence of the prevailing party as true, giving it all favorable inferences and leaving out all evidence in conflict therewith. *E.g., Town of Wheatland v. Bellis Farms, Inc.,* 806 P.2d 281, 284 (Wyo.1991).

■ The evidence that we look for initially is that of a joint adventure. A joint adventure is defined generically as an "association of persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge." *Black's Law Dictionary* (5th ed. 1979). As between the parties, a joint adventurer relationship may be formed only by contract. 46 Am.Jur.2d *Joint Ventures* § 8 (1969). Consequently, such a relationship will be found when there exists (1) an agreement, express or implied, (2) to carry out a common business purpose, (3) for pecuniary gain, (4) in which each party has an equal voice in control and direction of the undertaking. *Popejoy v. Steinle,* 820 P.2d 545,

---

**2.** The court has, on several occasions, addressed the standard of review applicable when a Rule 41(b)(1) motion to dismiss has been granted by a district court. *See, e.g., True Oil Co. v. Sinclair Oil Corp.,* 771 P.2d 781 (Wyo.1989); *Kure v. Chevrolet Motor Div.,* 581 P.2d 603 (Wyo. 1978); *Arbenz v. Bebout,* 444 P.2d 317 (Wyo. 1968).

**3.** The language in Fed.R.Civ.P. 41(b), which authorized the use of the rule to terminate a nonjury action on the merits when a plaintiff failed to carry his burden of proof, was deleted in 1991 and was replaced by subsection (c) of Fed.R.Civ.P. 52. As Wyoming has not similarly amended its rule, we find the preamendment cases and commentary regarding Fed.R.Civ.P. 41(b) to be persuasive.

549 (Wyo.1991). As to third persons, however, the law will impose joint adventurer status upon individuals or entities conducting their affairs as though they are joint adventurers, regardless of their actual intent. 46 Am.Jur.2d *Joint Ventures* § 9 (1969). Whether or not a joint adventurer relationship exists may be inferred from the circumstances, *True v. Hi–Plains Elevator,* 577 P.2d 991, 997 (Wyo.1978), and is preeminently a question for the finder of fact, *Robinson Trans. Co. v. Hawkeye Sec. Ins. Co.,* 385 P.2d 203, 205 (Wyo.1963).

The district court as finder of fact determined that Ron Hill was an apparent joint adventurer with his cousin, Johnny Hill, and that Ron Hill should be held jointly and severally liable for the hay purchase debt incurred with Bob Zimmerer. Applying our standard of review to the evidence, we are satisfied that the district court's determinations are amply supported. The record reflects that both Ron Hill and Johnny Hill negotiated with Bob Zimmerer to purchase hay; that the purpose of the negotiations was to satisfy supply contracts which Johnny Hill held with various feed lots; that Ron Hill and Johnny Hill both contributed their time, talents and property to the undertaking; that they agreed to share the profits and losses on a 60/40 ratio; and that Bob Zimmerer thought that Johnny Hill and Ron Hill were jointly involved in the hay hauling operation. While Johnny Hill explained that he was merely leasing Ron Hill's tractor, the most favorable inference that may reasonably be drawn from the evidence is that Johnny Hill and Ron Hill were engaged in a joint adventure. The district court, after hearing the testimony, determining credibility and weighing the evidence, so determined. We find no

reason to disturb its findings in this regard.

Ron Hill's other sufficiency-of-the-evidence challenge concerns $662.50 that was awarded to Bob Zimmerer as compensation for damaged hay. The district court made this award in relation to Bob Zimmerer's testimony that the Hills left 106 tons of hay at his place which they never picked up. Bob Zimmerer testified that he was able to sell fifty-three tons and that he fed the other fifty-three tons, which became badly damaged by the weather, to his cows. He estimated that the value of the hay, as damaged, would be $37.50 per ton. Accordingly, the district court awarded compensation of $662.50 (53 × [$50.00 − $37.50]). Ron Hill, however, argues that no compensation should be awarded as Bob Zimmerer got full use of the hay by feeding it to his cows. We are not impressed with this argument. Common sense dictates that damaged hay is less valuable than good hay, regardless of whether it is used for one's own purposes or sold to others. The district court's award of $662.50 is supported by substantial evidence.

In sum, after reviewing all the evidence in this case, we are persuaded that the judgment of the district court serves the ends of justice, and that it is neither clearly erroneous nor contrary to the great weight of the evidence.

Affirmed.