**Michael Dean CRANSTON, Appellant (Defendant),**

v.

**Julie Ann CRANSTON, Appellee (Plaintiff).**

**No. 93–188.**

Supreme Court of Wyoming.

Aug. 18, 1994.

---

**346**

Carol Seeger and Michael A. Maycock of Maycock Law Offices, P.C., Gillette, for appellant.

Deborah D. Michaels of Michaels, Michaels & Wilson, Gillette, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY ** and TAYLOR, JJ.

TAYLOR, Justice.

A father, contending that he should benefit from a provision of Wyoming's child support guidelines, brings this appeal. The father sought a modification of his child support obligation based on a provision which states a presumptive level of child support when both parents share physical custody of their children. The shared physical custody provision applies when each parent keeps the children overnight for more than twenty-five percent of the year and both parents contribute to the expenses of the children in addition to the payment of a child support obligation. The district court found that although the father paid a child support obligation and the children stayed overnight with the father a sufficient percentage of the year, the father did not contribute to the expenses of his children in a "substantial and meaningful" way. The father argues the district court erred in its interpretation of the shared physical custody provision. The father also maintains that the evidence supported a finding in his favor.

We affirm.

## I. ISSUES

Appellant, the father, presents two issues:

1. Whether the District Court erred in interpreting W.S. § 20–6–304(d) to require a "substantial and meaningful" contribution of expenses by the parents before the joint presumptive support obligation is applicable.

2. Whether the District Court ruled against the weight of the evidence in finding that the Appellant did not make "substantial and meaningful" contributions to the expenses of his minor children, therefore, not apply the joint presumptive support obligation as required in W.S. § 20–6–304(d).

Appellee rephrases:

1. Whether it was reversible error for the district court to interpret W.S. § 20–6–304(d) to require a "substantial and meaningful" contribution by both parents to the expenses of the children in addition to the payment of child support.

2. Whether "substantial and meaningful" is a proper standard to apply.

* Retired July 5, 1994.

** Chief Justice at time of oral argument.

3. Whether the district court ruled against the weight of the evidence in finding that the appellant did not meet the necessary contributions test and therefore appellant could not apply the joint presumptive support obligation formula stated in W.S. § 20–6–304(d).

## II. FACTS

Michael Dean Cranston (the father) and Julie Ann Cranston (the mother) married in 1982 and had two children. The district court granted a divorce in 1990 awarding legal and physical custody of the children to the mother. The district court granted visitation rights to the father which were subsequently modified and increased. The divorce decree ordered the father to pay child support equal to thirty percent of his gross disposable income, minus a $450.00 monthly living allowance. The father was also ordered to maintain a health insurance policy covering the children. Any health care costs which were not covered under the insurance policy were to be shared equally by the father and the mother.

Three years after the divorce, the father filed a petition to modify the child support obligation. The father maintained he was entitled to reduce his monthly support payments from $546.59 to $198.50 under the shared physical custody provision of the child support guidelines. The father reported that the children now stayed overnight with him in excess of the amount required by the shared physical custody provision. Additionally, the father claimed he had paid substantial funds for medical expenses of the children.

At the June 28, 1993 hearing, the father, appearing pro se, presented uncontroverted documentary evidence that in 1992, the children stayed overnight with him for a total of 101 days or twenty-eight percent of the year. The father also introduced documentary evidence showing he had paid his required share of uninsured orthodontic costs. In addition, documentary evidence showing miscellaneous payments to a child care provider and for two magazine subscriptions was presented. The father argued that he also had expenses for groceries, gas, housing, clothing, gifts, and toys during the time the children stayed with him, although he presented no evidence of these expenses.

The mother testified that since the divorce, she has maintained the children's primary residence. The mother declared that she provided all the children's clothing, personal hygiene items, bicycles and toys, even when the children were staying with the father. In addition, the mother testified she paid for any extracurricular activities of the children, including swimming and karate lessons. According to the mother, the father has refused to share in those expenses. The mother also maintained supplemental health care coverage for the children which has paid for some services not covered by the father's health insurance program.

Since the father established that the children stayed overnight with him for more than the requisite percentage of the year, the district court found the determinative factor in granting or denying a modification of the child support obligation to be the father's contribution to the expenses of the children. The district court concluded that the evidence did not support a finding that the father had made a "substantial and meaningful" contribution to the children's expenses. Instead, the evidence disclosed that the father made no substantial contributions beyond the support obligations contained in the divorce decree.

## III. DISCUSSION

The district court has continuing jurisdiction to enforce or modify the terms of a child support obligation.

(a) In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. * * * Either parent may petition to enforce or revise the decree. The court which entered the decree has continuing subject matter and personal jurisdiction to enforce or revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires.

Wyo.Stat. § 20–2–113(a) (1994). Under the Child Support Enforcement Act, Wyo.Stat. §§ 20–6–101 through 20–6–401 (1994), any party may petition for a modification of a child support order by alleging that the application of the child support guidelines will result in a twenty percent change in the monthly support amount. Wyo.Stat. § 20–6–306. The party may also allege that a substantial change in circumstances has occurred creating the need for a modification of the child support order. *Hasty v. Hasty*, 828 P.2d 94, 97–98 (Wyo.1992).

■ When a district court decision on a modification of a child support obligation is challenged on appeal, this court limits its review to a determination of whether the district court abused its discretion or violated a legal principle. *Pauling v. Pauling*, 837 P.2d 1073, 1080 (Wyo.1992); *Harrington v. Harrington*, 660 P.2d 356, 360 (Wyo.1983). "Abuse of discretion occurs when a court exceeds the bounds of reason or commits an error of law." *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993). *See also Crawford v. Crawford*, 828 P.2d 1192, 1194 (Wyo.1992) and *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980).

Wyoming's child support guidelines, Wyo. Stat. §§ 20–6–301 through 20–6–306 (1994) (hereinafter child support guidelines), provide a means to calculate the amount of child support which is "rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts." Wyo.Stat. § 20–6–302(a). The child support guidelines consider the combined income of both parents and the number of children that a child support obligation will benefit. Wyo.Stat. § 20–6–304(a). Deviation from the presumptive child support obligation is permitted when a finding is made by the district court that it would be unjust or inappropriate to follow the child support guidelines. Wyo.Stat. § 20–6–302(b). In determining whether to deviate from the child support guidelines, the district court may consider an open-ended list of factors, including: the amount of time the children spend with each parent; the value of the services contributed by either parent;

special health or educational needs; and other factors the district court considers relevant. *Id.*

■ At issue in this proceeding is the language of the shared physical custody provision of the child support guidelines, which provides:

(d) When each parent keeps the children overnight for more than twenty-five percent (25%) of the year *and both parents contribute to the expenses of the children in addition to the payment of child support,* a joint presumptive support obligation shall be determined by use of the tables. After the joint presumptive child support obligation is derived from column three of the tables, that amount shall be divided between the parents in proportion to the net income of each. The proportionate share of the total obligation of each parent shall then be multiplied by the percentage of time the children spend with the other parent to determine the theoretical support obligation owed to the other parent. The parent owing the greater amount of child support shall pay the difference between the two (2) amounts as the net child support obligation.

Wyo.Stat. § 20–6–304(d) (Cum.Supp.1993) (hereinafter shared physical custody provision) (emphasis added).

We are asked to consider the meaning and constraint of language which speaks of a child's welfare in terms of a mathematical formula. The father argues that the shared physical custody provision must be strictly applied. Under his interpretation, if a parent pays a child support obligation and keeps the children overnight for the required percentage of the year, the parent has, by definition, contributed to the expenses of the children. Therefore, the father argues that the shared physical custody provision requires a reduction in the amount of the child support obligation. Ultimately, the father advocates a view that the assessment of child support should be "almost administrative and ministerial in nature." The district court, according to the father, abused its discretion in not accepting this interpretation. We consider the father's interpretation of the child support guidelines to be erroneous.

To give effect to the intent of the legislature in enacting a particular statute, we must consider the " 'ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993) (*quoting Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). However, the words must not be separated from the context in which they are used. Therefore, statutes are construed *in pari materia*, so the legislature's intention is gathered from the whole of the enactments being considered. *Parker Land and Cattle Co.*, 845 P.2d at 1042–43. *See also B & W Glass, Inc. v. Weather Shield Mfg., Inc.*, 829 P.2d 809, 816 (Wyo.1992). If a statute communicates a plain meaning with its choice of language and is unambiguous, permitting reasonable persons to agree on its meaning, this court may not resort to extrinsic aids of interpretation. *Parker Land and Cattle Co.*, 845 P.2d at 1043–44.

The shared physical custody provision is part of a statutory scheme that encourages both parents' involvement in the financial maintenance of their children. Wyo.Stat. § 20–6–304. Often misunderstood by parents embittered by divorce, "child support" represents a legal obligation of the parents to the children. "[C]hild support is for the benefit of the children as [a parent's] obligation to contribute to the upbringing of [the] children. A support payment is the children's money administered in trust by [the custodial parent] for their benefit." *Macy v. Macy*, 714 P.2d 774, 777 (Wyo.1986).

In *Hasty*, 828 P.2d at 97–99, we examined the intent of the legislature in enacting child support guidelines. We noted that, nationally, critics have challenged inequities in the manner in which child support awards are determined and the increasing burden inadequate or unpaid child support awards create for public assistance programs. *Id.* at 97. As a result, Congress passed the Child Support Enforcement Amendments of 1984, Pub.L. No. 98–378, 98 Stat. 1305 (codified as amended in scattered sections of 42 U.S.C.), to require the states to develop child support guidelines. *Hasty*, 828 P.2d at 97 n. 2.

Eventually, Congress passed the Family Support Act of 1988, Pub.L. No. 100–485, 102 Stat. 2343 (codified as amended in scattered sections of 42 U.S.C.), which required the states to view the guidelines as "rebuttably presumed correct." *Hasty*, 828 P.2d at 97. *See* 42 U.S.C.A. § 667(b)(2) (West 1991) (codifying rebuttable presumption that amount of child support required by guidelines is the correct amount of child support to be awarded). Wyoming's child support guidelines are a response to these federal initiatives and "embody the shift from ad hoc judicial discretion to presumptive standards in the establishment of child support awards." *Hasty*, 828 P.2d at 97.

█ Despite the father's arguments, a presumptive standard is not a mandatory standard. *Id.* at 99. The legislature recognized that the individual circumstances of each child's welfare and the ability of each parent may require the district court to exercise discretion in establishing a child support obligation. *Pauling*, 837 P.2d at 1077. *See* Wyo.Stat. § 20–6–302(b). Therefore, the district court is not required to strictly apply the child support guidelines. *Underkofler v. Underkofler*, 834 P.2d 1140, 1142 (Wyo.1992); *Hasty*, 828 P.2d at 99.

Inherent in the child support guidelines are assumptions about the care of the children. For example, one assumption is the children are living primarily with one parent but staying overnight with the other parent in an ordinary visitation arrangement, such as every other weekend, a portion of the summer and during some holidays. *Nash v. Mulle*, 846 S.W.2d 803, 805 (Tenn.1993) (applying Tennessee child support guidelines). If visitation patterns vary from these ordinary arrangements, the child support guidelines may need to be adjusted. *Id.* The legislature gave specific permission to the district court to deviate from the child support guidelines to account for the amount of time the children spend with each parent. Wyo.Stat. § 20–6–302(b)(ix).

The shared physical custody provision represents an adjustment to the assumptions of the child support guidelines by the legislature. The intent of the shared physical custody provision is to apportion the child sup-

port obligation between the parents in proportion to the amount of time the children spend with each parent. Wyo.Stat. § 20–6–304(d). ·See *In re Marriage of Quam*, 813 P.2d 833, 835 (Colo.App.1991) (applying Colorado child support guidelines). The unambiguous language of Wyo.Stat. § 20–6–304(d) contains three requirements. First, each parent must keep the children overnight for more than twenty-five percent· of the year. Second, both parents must "contribute to the expenses of the children." Third, the contribution of both parents to the expenses of the children must be "in addition to the payment of child support * * *."

The father argues the district court erred by requiring evidence of a "substantial and meaningful" contribution by both parents to the expenses of the children in addition to the payment of child support. In *Matter of Adoption of CCT*, 640 P.2d 73, 75 (Wyo.1982), this court addressed a similar argument concerning language of an adoption statute that referred to a parent's failure to "contribute to the support of the children." *See* Wyo. Stat. § 1–22–110(a)(iv) (Cum.Supp.1994). The non-consenting parent argued that he had contributed to the support of the children by providing a number of gifts. *Matter of Adoption of CCT*, 640 P.2d at 75. However, the district court disagreed that " 'trifling gifts' " actually resulted in a contribution to the support of the children. *Id.* (*quoting Bulman v. Lyman–Richey Sand & Gravel Corp.*, 144 Neb. 342, 13 N.W.2d 403, 408 (1944)). After examining decisions in workers' compensation and social security cases with similar statutory directions, we determined that to prevent adoption, a non-consenting parent must present evidence of contributions to the support of the children that are "substantial" or "regular" or "constitut[e] a material factor" in the children's support. *Id.* at 76. We find this logic persuasive.

We agree with the district court that the intent of the legislature in the shared physical custody provision requires that both parents must "contribute to the expenses of the children" in a substantial manner. *Id.* at 75. The ordinary meaning of "contribute" includes giving something to discharge a joint obligation. Black's Law Dictionary 328 (6th ed. 1990). A contribution which is slight or far below what would be expected will not discharge an obligation. Therefore, both parents contribute "substantially" to the expenses of the children by providing something worthwhile, of real worth and importance, as distinguished from providing for expenses which are merely nominal or without value to the children. Black's Law Dictionary 1428 (6th ed. 1990).

A parent who keeps the children overnight the required percentage of the year and pays a child support obligation has not satisfied the three requirements of Wyo.Stat. § 20–6–304(d). Evidence must also support a finding that both parents substantially contributed to the expenses of the children. The legislative intent to encourage both parents' involvement in the financial maintenance of their children requires this degree of participation. Otherwise, a potentially onerous burden would be imposed on one parent. It must be remembered that many expenses of maintaining the children's primary residence, including mortgage or rent, continue unabated during visitation periods with the other parent. *Compart v. Compart*, 417 N.W.2d 658, 662. (Minn.App.1988). Only when both parents contribute substantially to the expenses of the children is the intent of Wyo. Stat. § 20–6–304(d) served.

We note that the legislature, during the pendency of this appeal, acted to clarify its intent. During the 1994 legislative session, Wyo.Stat. § 20–6–304(d) was amended to · provide, in pertinent part:

> When each parent keeps the children overnight for more than ***forty percent (40%)*** of the year and both parents contribute ***substantially*** to the expenses of the children in addition to the payment of child support, a joint presumptive support obligation shall be determined by use of the tables.

Wyo.Sess.Laws ch. 89, § 1 (1994). While these changes do not impact this decision, the amendment offers further evidence of the legislative intent to require both parents to substantially contribute to the expenses of the children. *See Dunnegan v. Laramie County Com'rs*, 852 P.2d 1138, 1143 (Wyo. 1993) (noting evidence of legislative intent provided by amendment to statute).

■ The father argues he has satisfied the three requirements of Wyo.Stat. § 20–6–304(d), including providing evidence of a "substantial" contribution to the expenses of the children. The district court determined the evidence did not support the father's position:

> The evidence in this case does not indicate such substantial and meaningful contribution by the [father]. Instead, the evidence shows no substantial contributions by the [father] beyond child support. The [mother's] evidence showed that she is routinely providing substantially all clothing, toys, and personal care items for the children even while they are in the [father's] care.

We agree with the district court.

■ In reviewing a challenge to the sufficiency of the evidence, we accept the evidence of the successful party as true and give all favorable inferences to that evidence. *Hill v. Zimmerer*, 839 P.2d 977, 981 (Wyo. 1992). We leave out of consideration entirely the conflicting evidence of the unsuccessful party. *Kadrmas v. Valley West Homeowner's Ass'n*, 848 P.2d 826, 828 (Wyo.1993); *Hill*, 839 P.2d at 981.

The mother established that she maintained the children's primary residence and provided for all of the children's necessities, including clothing and toys. She also provided clothing, personal hygiene items and toys for the children to use during their visits with the father. The mother also paid for extracurricular activities the children participated in, even during their stays with the father.

The only substantial contribution to the expenses of the children the father documented was his payment of a share of uninsured orthodontic costs. This payment, however, was required by the terms of the divorce decree. The mother had to make an equal payment. These uninsured medical payments are merely other forms of the child support obligation shared by both parents.

Otherwise, the father provided evidence of only nominal contributions to the expenses of the children, including child care costs and magazine subscriptions. The father offered no evidence that he had increased expenses for a larger apartment or home to provide the children with living space while they were in his custody. The father offered no evidence of increased food, heating, or utility expenses while the children were in his custody. Finally, the father offered no evidence of providing for the needs of the children with clothing, toys or other necessities at any time. Without evidence of expenses the father incurred while the children were in his custody, the requirements of Wyo.Stat. § 20–6–304(d) are not satisfied. *See In re Marriage of Redford*, 776 P.2d 1149, 1150 (Colo. App.1989) (holding that under Colorado child support guidelines, evidence must be submitted regarding additional expenses resulting from shared physical custody). Therefore, the father failed to establish that he contributed substantially to the expenses of the children.

## IV. CONCLUSION

The payment of a child support obligation is not a discharge from other parental responsibilities. To the extent that a mathematical formula can, the child support guidelines furnish a place to begin the exercise of discretion which is inherent in protecting the welfare of the children following a divorce. However, the child support guidelines are not a panacea. They do not provide sanctuary for parents seeking to escape responsibility for their children's welfare which may not be quantified in a statute but is still imperative.

The decision of the district court is affirmed.